CR20-337 WHO

# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

VENUE: SAN FRANCISCO

| FILED |
| --- |
| Sep 04 2020 |
| SUSAN Y. SOONG |
| CLERK, U.S. DISTRICT COURT |
| NORTHERN DISTRICT OF CALIFORNIA |
| SAN FRANCISCO |

UNITED STATES OF AMERICA,

V.

JOSEPH SULLIVAN,

DEFENDANT(S).

---

## INDICTMENT

18 U.S.C. § 1505 – Obstructing Proceedings of the Federal Trade Commission;
18 U.S.C. § 4 – Misprision of a Felony

---

A true bill.

/s/ Foreperson of the Grand Jury

Foreman

Filed in open court this ___3rd___ day of

_____September, 2020_____.

*Virginia K. DeMarchi*  Clerk

Bail, $ _No process_

FILED

Sep 04 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

DAVID L. ANDERSON (CABN 149604)
United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH SULLIVAN,<br><br>Defendant. | CASE NO. CR20-337 WHO<br><br>VIOLATIONS:<br>18 U.S.C. § 1505 – Obstructing Proceedings of the Federal Trade Commission; 18 U.S.C. § 4 – Misprision of a Felony<br><br>SAN FRANCISCO VENUE |

INDICTMENT

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Indictment:

1. The United States Federal Trade Commission ("FTC") was an independent agency of the United States. The FTC's Division of Privacy and Identity Protection oversees and investigates, among other things, issues related to consumer privacy, identity theft, and information security.

2. In or about February 2015, Uber Technologies, Inc. ("Uber") informed the FTC that it had learned of a data breach it had suffered in September 2014. In or about March 2015, the FTC informed Uber that the FTC was evaluating Uber's data security program and practices. On or about May 21, 2015, the FTC issued a Civil Investigative Demand to Uber, which contained a series of interrogatories and document requests. Over the subsequent months, and continuing into 2017, Uber

INDICTMENT

provided responses to the FTC's formal and informal requests for information related to the FTC's investigation.

3. In or about June 2016, the FTC issued another Civil Investigative Demand to Uber, which included a requirement that Uber designate one or more officers, directors, or managing agents to testify on behalf of the company on a variety of topics. Uber designated SULLIVAN as its witness, and SULLIVAN provided sworn testimony on or about November 4, 2016.

4. On or about November 14, 2016, approximately ten days after his testimony, SULLIVAN learned that hackers had gained unauthorized access to Uber data containing personally identifiable information related to Uber's users and drivers. In other words, Uber had suffered another data breach.

5. Thereafter, SULLIVAN engaged in a scheme designed to ensure that the data breach did not become public knowledge, was concealed, and was not disclosed to the FTC. SULLIVAN arranged for the hackers to be paid a substantial sum of money in exchange for, among other things, their written agreement not to disclose the data breach. Moreover, the written agreement misrepresented the circumstances of the data breach. SULLIVAN also withheld information regarding the breach from others at Uber who were in a position to disclose the breach to the FTC and would have been aware of the relevance of the data breach to the FTC's investigation. Months later, when Uber hired a new CEO, SULLIVAN misrepresented the circumstances of the data breach to the CEO. At the time of that misrepresentation, the FTC investigation was not yet fully resolved, and the FTC remained unaware of the 2016 data breach.

COUNT ONE:   (18 U.S.C. § 1505 – Obstruction of Proceedings before the Federal Trade Commission)

6. Paragraphs 1 through 5 are realleged as if set forth fully here.

7. Beginning on or about November 14, 2016, and continuing through in or about November 2017, in the Northern District of California and elsewhere, the defendant,

JOSEPH SULLIVAN,

did corruptly influence, obstruct, and impede, and endeavored to influence, obstruct, and impede, and any applicable combination, the due and proper administration of the law under which a pending

proceeding was being had before a department or agency of the United States, namely, the FTC and its investigation into Uber's data security program and practices, all in violation of Title 18, United States Code, Section 1505.

COUNT TWO:       (18 U.S.C. § 4 – Misprision of a Felony)

8. Paragraphs 1 through 7 are realleged as if set forth fully here.

9. Beginning on or about November 14, 2016, and continuing through in or about November 2017, in the Northern District of California and elsewhere, the defendant,

JOSEPH SULLIVAN,

having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit, intentionally accessing a computer without authorization or exceeding authorized access, and thereby obtaining information from a protected computer, in violation of 18 U.S.C. § 1030(a)(2)(C), and conspiracy to commit extortion involving computers in violation of 18 U.S.C. §§ 1030(a)(7)(B), (b), and (c)(3)(A), did conceal the same, and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, all in violation of Title 18, United States Code, Section 4.

DATED:

9/3/2020

A TRUE BILL.

FOREPERSON

DAVID L. ANDERSON
United States Attorney

ANDREW F. DAWSON
KATHERINE L. WAWRZYNIAK
Assistant United States Attorneys

INDICTMENT                                3