1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  ANDREW F. DAWSON (CABN 264421)
   KATHERINE L. WAWRZYNIAK (CABN 254751)
5  Assistant United States Attorneys

6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
7      Telephone: (415) 436-7019
       FAX: (415) 436-7234
8      andrew.dawson@usdoj.gov

9  Attorneys for United States of America

10                          UNITED STATES DISTRICT COURT

11                         NORTHERN DISTRICT OF CALIFORNIA

12                                SAN FRANCISCO DIVISION

13
   UNITED STATES OF AMERICA,              )  Case No. CR 20-337 WHO
14                                         )
            Plaintiff,                     )  STIPULATION AND PROTECTIVE ORDER
15                                         )
       v.                                  )
16                                         )
   JOSEPH SULLIVAN,                        )
17                                         )
            Defendant.                     )
18  _____)

19

20      With the agreement of the parties, the Court enters the following Protective Order:

21      Defendant is charged with violations of 18 U.S.C. § 1505 (obstruction of justice) and 18 U.S.C. §

22  4 (misprision of a felony). Upon receipt of a discovery request, the United States will produce

23  documents and other materials pertaining to the defendant and the charged offenses to defense counsel.

24  The discovery to be provided includes documents or other materials falling into one or more of the

25  following categories (collectively, "Protected Information"):

26      1. Personal Identifying Information of any individual (other than his or her name), including

27         without limitation any person's date of birth, social security number, residence or business

28         address, telephone numbers, email addresses, driver's license number, professional license

STIPULATION AND PROTECTIVE ORDER [PROPOSED]
CR 20-337 WHO

number, family members names, or criminal histories ("Personal Identifying Information");

2. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information"); and

3. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information").

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that defense counsel of record, their investigators, assistants, and employees (collectively, "the defense team") may review with the defendant all discovery material produced by the government, but shall not provide the defendant with physical copies of, or permit defendant to make physical copies of, any discovery material produced by the government that contains Protected Information, unless the Personal Identifying Information, Financial Information, and/or Medical Information has first been **entirely redacted** from the discovery materials. Defendant may review electronic images of all discovery material (including material that contains Protected Information) without counsel present, but only if defendant's access to such images is on a "read-only" basis, without the ability either to download or print hard copies of the electronic documents.  The government and defense counsel are ordered to work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's order.  Discovery material that clearly pertains to a specific defendant and does not contain Protected Information regarding any other person (*e.g.*, defendant's own bank records, telephone records, and business records) may be provided to that defendant unredacted.

Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case.  The defendant, all members of the defense team, and any experts who receive discovery under this Order shall be provided a copy of this Order along with those materials and shall initial and date the order reflecting their agreement to be bound by it.

The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

This Order shall also apply to any copies made of any materials covered by this Order.

**IT IS FURTHER ORDERED** that neither a defendant nor any member of the defense team shall provide any discovery material produced by the government—whether or not the material constitutes or contains Protected Information within the meaning of this Order—to any third party (*i.e.*, any person who is not a member of the defense team) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court. If a party files a pleading that references or contains or attaches Protected Information subject to this Order, that filing must be under seal.[1]

**IT IS FURTHER ORDERED** that defense counsel shall return materials subject to this Protective Order (including any copies) to the United States within 14 days after whichever event occurs last in time: dismissal of all charges against the defendant; defendant's acquittal; defendant's sentencing; or the conclusion of any direct appeal. After the United States receives documents and materials subject to this Order, it shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order. If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order. Defendant's attorney in any motion under 28 U.S.C. § 2255 shall return the documents and materials subject to this Protective Order within 14 days after the district court's ruling on the motion or 14 days after the conclusion of any direct appeal of the district court's order denying the motion, whichever is later. This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either

//
//
//
//

---

[1] This Order authorizes such filings under seal and the parties are not required to seek additional authorization from the Court to do so.

STIPULATION AND PROTECTIVE ORDER [PROPOSED]
CR 20-337 WHO


party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED.**          DAVID L. ANDERSON
                                  United States Attorney

Dated: September 8, 2020          __/s/_____
                                  ANDREW F. DAWSON
                                  Assistant United States Attorney


                                  __/s/_____
                                  DAVID ANGELI
                                  Counsel for Defendant JOSEPH SULLIVAN


**IT IS SO ORDERED.**

Dated: September 9, 2020          _____
                                  HON. WILLIAM H. ORRICK
                                  United States District Judge

STIPULATION AND PROTECTIVE ORDER [PROPOSED]
CR 20-337 WHO