DAVID H. ANGELI (admitted *pro hac vice*)
EDWARD A. PIPER (Cal. Bar No. 288289)
TYLER P. FRANCIS (admitted *pro hac vice*)
MICHELLE H. KERIN (admitted *pro hac vice*)
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232 │ Facsimile: (503) 227-0880
Email: david@angelilaw.com; ed@angelilaw.com; tyler@angelilaw.com; michelle@angelilaw.com

JOHN D. CLINE (Cal. Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

Attorneys for Defendant Joseph Sullivan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH SULLIVAN, <br><br> Defendant. | Case No. 3:20-cr-00337-WHO <br><br> DECLARATION OF DAVID H. ANGELI IN SUPPORT OF DEFENDANT JOSEPH SULLIVAN'S MOTION FOR ACCESS TO GRAND JURY SELECTION MATERIALS <br><br> Hon. William H. Orrick |

## DECLARATION OF DAVID H. ANGELI

I, David H. Angeli, declare as follows:

1. I am an attorney with Angeli Law Group LLC and am admitted to practice in Oregon. I represent Defendant Joseph Sullivan and have been admitted to practice *pro hac vice* in the above-captioned matter. I submit this declaration in support of Mr. Sullivan's Motion for Access to Grand Jury Selection Materials.

2. All the factual assertions contained in this declaration are true and correct to the best of my knowledge. Unless otherwise noted, I make this declaration based on my own personal knowledge, and if called as a witness, I could and would testify competently to the contents hereof.

3. On behalf of Mr. Sullivan, we are preparing a contemplated motion challenging the jury selection procedures for the grand jury that returned the indictment in this case. Although we have legitimate reasons to be concerned about the representativeness of the grand jury, we cannot ascertain whether we have substantial grounds to file such a motion without access to the grand jury materials.

4. The specific data that Mr. Sullivan seeks is set forth in Exhibit A to this declaration.

I declare under penalty of perjury of the laws of the United States that, except for those matters stated on information and belief, the foregoing is true and correct. As to those matters stated on information and belief, I declare under penalty of perjury of the laws of the United States that I believe them to be true and correct.

Executed this 10th day of September, 2020 in Portland, Oregon.

_____
David H. Angeli

**Requested Grand Jury Selection Materials**

1. The Jury Plan for the Northern District of California currently in effect and, if different in any respect, at the time the grand jurors who returned the indictment in this case on September 3, 2020 were summoned in this case. This Plan is believed to be General Order 6: Plan for the Random Selection of Grand and Petit Jurors, as modified by General Order 77: In Re: Provisional Modifications to Jury Plan due to COVID-19 Public Health Emergency.

2. Any documents that reflect changes from previous procedures from the Jury Plan for the grand jury or creation of the grand jury because of COVID-19.

3. Any order of the Court that affects the previous procedures or the Jury Plan for the grand jury or creation of the grand jury because of the COVID-19 pandemic.

4. The jury division or divisions chosen for the grand jury empaneled from February 1, 2020 to September 3, 2020.

5. Any documents that reflect the description of reasons for the choice of the jury division or divisions for the grand jury empaneled from February 1, 2020 to September 3, 2020.

6. Any AO-12 form or JS-12 form created that relates to the Master Jury Wheels that were used to summon the grand jurors who returned the indictment in this case on September 3, 2020, as required by 28 U.S.C. § 1863(a).

7. Any other statistical or demographic analyses produced to ensure that the Master Jury Wheels that were used to summon the grand jurors who returned the indictment in this case on September 3, 2020 were in compliance with the Jury Plan, Jury Selection and Service Act, and Constitution.

8. The date on which the Master Jury Wheels that were used to summon the grand jurors who returned the indictment in this case on September 3, 2020 were refilled as described in General Order No. 6 Section VII.

9. The record of calculations as described in General Order No. 6 Section XIV.

10. Any general notice explaining the process by which names were drawn from the pool of qualified persons of each jury division for the grand jury panel.

11. The calculation of the number of potential jurors from San Francisco-Oakland, San Jose, and Eureka jury divisions to ensure compliance with the numbers listed in Section VII of General Order No. 6.

12. The source of data in electronic form for the Master Jury Wheels used to summon the grand jurors who returned the indictment in this case on September 3, 2020, as described in General Order No. 6 Sections VI, VIII, and XIV. The data should include, as available, Race, Gender, Ethnicity, Year of Birth, Zip Code, County, and Jury Division. The data

        should not include any personal information that could be used to identify any individuals such as name or street address.

13. The Master Jury Wheels data as described in the General Order No. 6 Sections VII, VIII and XIV, in electronic and accessible form that includes, Juror Number, Race, Gender, Ethnicity, Year of Birth, Zip Code, County and Jury Division. The data should not include any personal information that could be used to identify any individuals such as name or street address.

14. The date when the grand jurors who returned the indictment in this case on September 3, 2020 were summoned.

15. The number of persons summoned from the Master Jury Wheels to be considered as grand jurors. This number should further be categorized by number per jury division.

16. The juror qualification and summons forms for the persons summoned to potentially become grand jurors.

17. The SurveyMonkey COVID-19 questionnaires sent to the prospective grand jurors.

18. The Juror Numbers for the persons selected as potential grand jurors from February 1, 2020 to September 3, 2020.

19. The disposition of each summoned potential grand juror as to excusal, deferment, disqualification or selection as described in General Order No. 6 Sections IX-XII.

20. The Juror Number for each grand juror who returned the indictment in this case on September 3, 2020.

21. The attendance record and reason for absence by date of each grand juror who returned the indictment in this case on September 3, 2020.