DAVID H. ANGELI (admitted *pro hac vice*)
EDWARD A. PIPER (Cal. Bar No. 288289)
TYLER P. FRANCIS (admitted *pro hac vice*)
MICHELLE H. KERIN (admitted *pro hac vice*)
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232 │ Facsimile: (503) 227-0880
Email: david@angelilaw.com; ed@angelilaw.com; tyler@angelilaw.com; michelle@angelilaw.com

JOHN D. CLINE (Cal. Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

Attorneys for Defendant Joseph Sullivan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH SULLIVAN,<br><br>    Defendant. | Case No. 3:20-cr-00337-WHO<br><br>REPLY IN SUPPORT OF DEFENDANT JOSEPH SULLIVAN'S MOTION FOR ACCESS TO GRAND JURY SELECTION MATERIALS<br><br>Date: October 1, 2020<br>Time: 1:30 p.m.<br>Crtrm: 2, 17th floor<br><br>Hon. William H. Orrick |

**INTRODUCTION**

The government does not oppose Mr. Sullivan's first 15 requests for access to grand jury selection materials. (*See* Angeli Decl., ¶ 4, Ex. A; ECF No. 20 at 5.) The government objects to the remaining requests,[1] which include:

16. The juror qualification and summons forms for the persons summoned to potentially become grand jurors.

17. The SurveyMonkey COVID-19 questionnaires sent to the prospective grand jurors.

18. The Juror Numbers for the persons selected as potential grand jurors from February 1, 2020 to September 3, 2020.

19. The disposition of each summoned potential grand juror as to excusal, deferment, disqualification or selection as described in General Order No. 6 Sections IX-XII.

20. The Juror Number for each grand juror who returned the indictment in this case on September 3, 2020.

(Angeli Decl., ¶ 4, Ex. A.) Those requests, the government contends, relate to the composition of the grand jury itself, rather than the composition of the Master Jury Wheel, and for that reason are not subject to inspection.

The government is incorrect. The Jury Selection and Service Act (the "JSSA") contains no such limitation: it unequivocally entitles Mr. Sullivan to inspect "records or papers used by the jury commission or clerk *in connection with the jury selection process*," provided only that they "*may be* necessary" to prepare a motion challenging the process. 28 U.S.C. § 1867(f) (emphases added). As explained further below, the information that Mr. Sullivan seeks meets those criteria. In the *Holmes* matter, Judge Davila permitted the defendants to access precisely the same information — "even if those records concern steps in the jury selection process subsequent to the formation of the Master Jury Wheel." *United States v. Holmes*, No. 18-CR-00258-EJD-1, 2020 WL 5408163, at *5 (N.D. Cal. Sept. 9, 2020). Mr. Sullivan respectfully requests that this Court do the same, and that it grant his motion in full.

---

[1] At this time, Mr. Sullivan withdraws Request No. 21, but reserves his right to renew the request once he reviews the materials ordered produced by the Court and confirms that grounds exist for a motion under the JSSA.

**ARGUMENT**

The JSSA gives Mr. Sullivan "the right to [a] grand . . . jur[y] selected at random from a fair cross section of the community." 28 U.S.C. § 1861. It further entitles him to inspect "records or papers used by the jury commission or clerk in connection with the jury selection process . . . as may be necessary in the preparation or presentation of a motion" challenging the process. 28 U.S.C. § 1867(f). "To avail himself of [his] right of access to otherwise nonpublic jury selection records, [Mr. Sullivan] need only allege that he is preparing a motion challenging the jury selection procedures." *United States v. Layton*, 519 F. Supp. 946, 958 (N.D. Cal. 1981). Upon making such an allegation, Mr. Sullivan "*shall* be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion." 28 U.S.C. § 1867(f) (emphasis added).

Here, Mr. Sullivan has tailored his requests to documents needed to evaluate whether the implementation of this District's Grand Jury Plan during the COVID-19 crisis substantially complied with the provisions of the JSSA and ensured that the grand jury was drawn at random from a fair cross section of the community. Judge Davila's opinion in the *Holmes* matter explained the nature of that concern and why the information Mr. Sullivan now seeks is pertinent to it. According to this District's Grand Jury Plan:

> "[A]fter names are drawn from the Master Jury Wheel, the Clerk mail[s] to every person who[se] name is thus drawn a juror summons and qualification notice accompanied by instructions to complete the questionnaire via the court's website within ten days. Based on information provided on the juror qualification form, the Clerk determines whether the person is unqualified for, exempt from, or otherwise eligible to be excused from jury service. The Clerk then draws the grand jury panel from the pool of qualified, non-exempt persons.
>
> "Of particular relevance here, an excuse may be granted upon a showing of undue hardship or extreme inconvenience if required to serve. Defendants' primary concern is that the COVID-19 pandemic may have caused many individuals to be excused on such grounds, and that their grand jury may consequently not have been selected from a fair cross section of the community."

*Holmes*, 2020 WL 5408163, at *5 (internal quotation marks and citations omitted). "As a result," Judge Davila noted, "it is *the qualification and excuse stage* of jury selection that is principally

relevant to Defendants' prospective § 1867(a) claim." *Id*. (emphasis added). Thus, "records beyond those used to create the Master Jury Wheel may be relevant to [a] jury selection challenge." *Id.*; *see also id*. at *4 (noting that the Grand Jury Plan "lays out several processes following the creation of the Master Jury Wheel that could affect whether a grand jury was selected from a fair cross section of the community"); *United States v. Cerna*, No. CR 08-0730 WHA, 2009 WL 2998930, at *2 (N.D. Cal. Sept. 16, 2009) ("The use of jury questionnaires is an important mechanism for the implementation of [the JSSA's] jury selection procedures.").

For the same reasons, Mr. Sullivan is entitled to the information he seeks in Requests Nos. 16-20. That information "may be necessary" to a motion challenging the jury selection process, 28 U.S.C. § 1867(f), because it may reveal that the COVID-19 crisis caused the grand jury that returned the indictment not to be "selected at random from a fair cross section of the community," 28 U.S.C. § 1861. Specifically:

- Requests Nos. 16-17 call for forms used to screen potential grand jurors. In granting identical requests in the *Holmes* matter,[2] Judge Davila noted that "questionnaires and other forms used to screen prospective grand jurors are a key aspect of jury selection and may give rise to a JSSA claim." *Holmes*, 2020 WL 5408163, at *7 (citing *United States v. Cloud*, No. 1:19-CR-02032-SMJ-01, 2020 WL 4381608, at *5 (E.D. Wash. July 27, 2020), and *Cerna*, 2009 WL 2998930, at *2). For example, the forms may provide evidence of the reasons for various COVID-19-related excusals that affected the overall composition of the pool from which the grand jury was drawn. Mr. Sullivan is entitled to inspect those records.
- Requests Nos. 18-20 seek the juror numbers and the dispositions of each summoned potential grand juror as to excusal, deferment, disqualification, or selection. "[I]nformation concerning the reason for a prospective grand juror's exclusion from the jury pool plainly qualifies as a 'record[] . . . used by the jury commission or clerk in connection with the jury selection process' [and is] potentially necessary to

---

[2] As in the *Holmes* matter, Mr. Sullivan seeks only blank versions of the forms.

REPLY IN SUPPORT OF DEFENDANT JOSEPH SULLIVAN'S
MOTION FOR ACCESS TO GRAND JURY SELECTION MATERIALS
3:20-cr-00337-WHO                           4

understanding whether the grand jury that returned the indictments in [a] case fairly represented the community." *Cloud*, 2020 WL 4381608, at *4 (quoting 28 U.S.C. § 1867(f)). Moreover, the grounds for excusal and the disposition of juror qualifications are directly relevant to whether the grand jury was selected at random, as required by the JSSA. *See United States v. Evans*, 526 F.2d 701, 706 (5th Cir. 1976) (clerks may not make determinations in the jury questionnaire screening process that are "subjective" or "extra-statutory"); *Layton*, 519 F. Supp. at 954 (excusal by clerks constitutes a substantial violation of the JSSA when the clerk employs subjective or non-random criteria). Mr. Sullivan is entitled to inspect those records as well.

At this stage, Mr. Sullivan need not establish that his motion will succeed, or that each and every document he seeks actually will be pertinent to the motion. *See*, *e.g.*, *Test v. United States*, 420 U.S. 28, 30 (1975) ("[W]ithout inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge."). Rather, the information Mr. Sullivan seeks need only be potentially "necessary in the preparation or presentation of a motion" challenging the jury selection process. 28 U.S.C. § 1867(f). He is entitled on those grounds to review the information he seeks.

## CONCLUSION

For the foregoing reasons, this Court should grant Mr. Sullivan's motion to inspect the grand jury selection records. Mr. Sullivan has no objection to a protective order similar to the protective order issued in the *Holmes* matter, or to the simultaneous production of the requested records to the government.

DATED: September 24, 2020.

                                             *s/David H. Angeli*
                                             David H. Angeli
                                             Edward A. Piper
                                             Tyler P. Francis
                                             Michelle H. Kerin
                                             John D. Cline

                                             *Attorneys for Defendant Joseph Sullivan*