DAVID H. ANGELI (admitted *pro hac vice*)
EDWARD A. PIPER (Cal. Bar No. 288289)
TYLER P. FRANCIS (admitted *pro hac vice*)
MICHELLE H. KERIN (admitted *pro hac vice*)
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232 │ Facsimile: (503) 227-0880
Email: david@angelilaw.com; ed@angelilaw.com; tyler@angelilaw.com;
        michelle@angelilaw.com

JOHN D. CLINE (Cal. Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

*Attorneys for Defendant Joseph Sullivan*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH SULLIVAN,<br><br>Defendant. | Case No. 3:20-cr-00337-WHO<br><br>DEFENDANT JOSEPH SULLIVAN'S UNOPPOSED MOTION FOR PRETRIAL RETURN DATE FOR SUBPOENA DUCES TECUM TO UBER TECHNOLOGIES<br><br>**Date: September 30, 2021**<br>**Time: 1:30 p.m.**<br>**Crtrm: 2, 17th floor**<br><br>**Hon. William H. Orrick** |

**NOTICE OF MOTION AND MOTION**

TO THE COURT, Defendant JOSEPH SULLIVAN, through his attorneys, moves for an Order under Fed. R. Crim. P. 17(c)(1) permitting him to issue a subpoena duces tecum to Uber Technologies with a pretrial return date of October 30, 2021. In support of the motion, Mr. Sullivan relies on the Declaration of David Angeli filed with this Motion and the Memorandum of Points and Authorities, below. This Motion is noticed for the criminal court calendar on September 30, 2021, at 1:30 p.m.

DEF. JOSEPH SULLIVAN'S UNOPPOSED MOT. FOR PRETRIAL RETURN
DATE FOR SUBPOENA DUCES TECUM TO UBER TECHNOLOGIES
3:20-cr-00337-WHO

2

## MEMORANDUM OF POINTS AND AUTHORITIES

The Indictment (ECF No. 13) alleges that Mr. Sullivan, the former Chief Security Officer for Uber Technologies ("Uber"), sought to conceal a November 2016 cyber-security incident from the Federal Trade Commission ("FTC") (Count 1) and from "some judge or other person in civil or military authority under the United States" (Count 2). Mr. Sullivan "concealed" the 2016 Incident, the government contends, principally by failing to disclose it to Uber's Legal department ("Legal") as it worked to respond to the FTC's investigation into an earlier security incident. (*See, e.g.*, Compl. (ECF No. 1) ¶¶ 13, 43; Indictment ¶ 5.) The government further contends that Mr. Sullivan continued to conceal the incident from Legal and other senior Uber management through November 2017, when Uber terminated Mr. Sullivan. (Compl. ¶¶ 9, 44-47.)

Mr. Sullivan intends to present evidence at trial concerning Legal's knowledge of the 2016 incident, Legal's comments and advice to Mr. Sullivan and other members of the team responding to that incident, the extent to which Legal was responsible for determining Uber's obligation to report the incident to the FTC or others, the respective roles of Mr. Sullivan and others (including members of Legal) in communicating with the FTC, and the extent to which Uber's management team knew about the incident prior to November 21, 2017. Mr. Sullivan submits that this evidence is critical to his defense, because it will tend to negate the intent to conceal that is an element of each of the charges against him and will undermine other significant portions of the government's allegations against him.

During the investigative stage of this case, Uber substantially redacted and withheld a significant number of documents relating to these issues, citing the attorney-client privilege and the attorney work-product doctrine. Uber, through counsel, has similarly declined to provide the withheld and unredacted documents to Mr. Sullivan or his counsel. Mr. Sullivan therefore intends to subpoena the documents.

DEF. JOSEPH SULLIVAN'S UNOPPOSED MOT. FOR PRETRIAL RETURN
DATE FOR SUBPOENA DUCES TECUM TO UBER TECHNOLOGIES
3:20-cr-00337-WHO

We expect Uber to move to quash the subpoena based on the attorney-client privilege, the attorney work-product doctrine, and perhaps other grounds. Uber's anticipated motion to quash will likely require the Court to determine (among other potential issues) whether the attorney-client privilege and the attorney work-product doctrine are properly asserted, whether the protections of those privileges have been waived or otherwise lost, and whether Mr. Sullivan's Fifth and Sixth Amendment right to compel the production of evidence for his defense overcomes any valid privilege Uber asserts for the documents. *See, e.g.*, *United States v. W.R. Grace*, 439 F. Supp. 2d 1125, 1136-45 (D. Mont. 2006). These are complex issues that will require thorough briefing and, potentially, in camera review of the subpoenaed documents by the Court.

Rule 17(c)(1) authorizes the Court to "direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Pursuant to Crim. L.R. 17-2(a)(1), an order permitting issuance of a Rule 17(c) subpoena with a pretrial return date may be obtained by filing a noticed motion pursuant to Crim. L.R. 47-2.[1] To ensure adequate time before trial to litigate the issues outlined above and for the parties to review any documents the Court orders produced, Mr. Sullivan asks that the Court authorize him to set a pretrial return date of October 30, 2021. If the Court authorizes the pretrial return date, Mr. Sullivan will serve the subpoena promptly on Uber.

Assistant United States Attorney Andrew Dawson has advised undersigned counsel that the United States does not oppose Mr. Sullivan's request for a pretrial return date for the Rule 17(c) subpoena to Uber. The United States takes no position at this time on the merits of the subpoena or any motion to quash that Uber might file.

For the foregoing reasons, Mr. Sullivan asks the Court to authorize him to set a pretrial return date of October 30, 2021 for his Rule 17(c) subpoena to Uber.

---

[1] Crim. L.R. 17-2(a)(1) further provides that any such motion must be supported by a declaration specifying the facts supporting the issuance of the subpoena along with a proposed order. A proposed order and the Declaration of David Angeli are being filed contemporaneously with this Motion.

DEF. JOSEPH SULLIVAN'S UNOPPOSED MOT. FOR PRETRIAL RETURN
DATE FOR SUBPOENA DUCES TECUM TO UBER TECHNOLOGIES
3:20-cr-00337-WHO

1   DATED: September 16, 2021.

2                                             *s/ David H. Angeli*

David H. Angeli
Edward A. Piper
Tyler P. Francis
Michelle H. Kerin
John D. Cline

*Attorneys for Defendant Joseph Sullivan*