W. DOUGLAS SPRAGUE (Cal. Bar No. 202121)
DAVID GRADY JUNG (Cal. Bar No. 314508)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6000
dsprague@cov.com
gjung@cov.com

STEVEN E. FAGELL (*pro hac vice application pending*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001-4956
Telephone: (202) 662-6000
sfagell@cov.com

*Attorneys for Uber Technologies, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH SULLIVAN,<br><br>Defendant. | Case No. 3:20-cr-00337-WHO<br><br>**THIRD PARTY UBER TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO QUASH RULE 17(c) SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hon. William H. Orrick<br><br>Date: January 27, 2021<br>Time: 1:30 pm<br>Courtroom: 2 |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that on January 27, 2022, at 1:30 p.m., or as soon thereafter as

3  the matter may be heard, in Courtroom 2 of the above-entitled court located at 450 Golden Gate

4  Avenue, San Francisco, California, 94102, Uber will move to quash the Subpoena directed to

5  Uber.  ECF No. 60.  In support of its motion, Uber submits the attached Memorandum of Points

6  of Authorities.

7

8  Dated: December 16, 2021            Respectfully submitted,

10                                      By: /s/ *W. Douglas Sprague*
                                        W. Douglas Sprague (Cal. Bar No. 202121)
11                                      David Grady Jung (Cal. Bar No. 314508)
                                        COVINGTON & BURLING LLP
12                                      Salesforce Tower
                                        415 Mission Street, Suite 5400
13                                      San Francisco, CA 94105
                                        Telephone: (415) 591-6000
14                                      dsprague@cov.com
                                        gjung@cov.com
15

16                                      Steven E. Fagell (*pro hac vice application pending*)
                                        COVINGTON & BURLING LLP
17                                      One CityCenter
                                        850 Tenth Street, N.W.
18                                      Washington, DC 20001-4956
                                        Telephone: (202) 662-6000
19                                      sfagell@cov.com
20
21                                      *Attorneys for Uber Technologies, Inc.*

THIRD PARTY UBER TECHNOLOGIES, INC.'S
NOTICE OF MOTION AND MOTION TO QUASH RULE
17(c) SUBPOENA; MEMORANDUM OF POINTS AND
AUTHORITIES

# TABLE OF CONTENTS

I. Introduction ................................................................................................................. 1

II. Procedural History ..................................................................................................... 1

III. Legal Standard ........................................................................................................... 2

IV. Argument ................................................................................................................... 3

    A. The Requested Materials Are Not Relevant and Have Not Been Identified with the Requisite Specificity. ......................................................................... 3

    B. Even If Defendant Can Demonstrate Relevancy and Specificity, the Requested Documents Are Not Admissible. ............................................................ 6

    C. Even If the Court Finds That Defendant Has Sufficiently Shown Relevancy, Specificity, and Admissibility, the Court Still Should Quash the Subpoena Because It Calls Only for the Production of Privileged Material........... 7

V. Conclusion ................................................................................................................. 9

THIRD PARTY UBER TECHNOLOGIES, INC.'S
NOTICE OF MOTION AND MOTION TO QUASH
RULE 17(c) SUBPOENA; MEMORANDUM OF
POINTS AND AUTHORITIES

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Grand Jury Investigation*,
   974 F.2d 1068 (9th Cir. 1992) ........................................................................................... 8

*In re Grand Jury Subpoena 92-1 (SJ)*,
   31 F.3d 826 (9th Cir. 1994) ....................................................................................... 3, 7, 8

*United States v. Collins*,
   2013 WL 1089908 (N.D. Cal. Mar. 15, 2013) ............................................................... 6, 7

*United States v. Ellis*,
   2017 WL 1164172 (N.D. Cal. Mar. 29, 2017) .................................................................. 7

*United States v. Fields*,
   663 F.2d 880 (9th Cir. 1981) ............................................................................................ 7

*United States v. Graf*,
   610 F.3d 1148 (9th Cir. 2010) .......................................................................................... 8

*United States v. Lee*,
   2009 WL 724042 (N.D. Cal. Mar. 18, 2009) .................................................................... 7

*United States v. MacKey*,
   647 F.2d 898 (9th Cir. 1981) ............................................................................................ 3

*United States v. Martinov*,
   2012 WL 3987329 (N.D. Cal. Sept. 11, 2012) ................................................................. 9

*United States v. Nixon*,
   418 U.S. 683 (1974) ............................................................................................. 2, 3, 4, 6

*United States v. Pac. Gas & Elec. Co.*,
   2016 WL 1212091 (N.D. Cal. Mar. 28, 2016) .................................................................. 7

*United States v. Reed*,
   726 F.2d 570 (9th Cir. 1984) ........................................................................................ 4, 6

*United States v. Reyes*,
   239 F.R.D. 591 (N.D. Cal. 2006) .................................................................................. 3, 7

*United States v. Sanmina Corp.*,
   968 F.3d 1107 (9th Cir. 2020) .......................................................................................... 9

THIRD PARTY UBER TECHNOLOGIES, INC.'S
NOTICE OF MOTION AND MOTION TO QUASH
RULE 17(c) SUBPOENA; MEMORANDUM OF
POINTS AND AUTHORITIES

ii

**Other Authorities**

Fed. R. Crim. P. 17(c) ................................................................................................................. *passim*

THIRD PARTY UBER TECHNOLOGIES, INC.'S
NOTICE OF MOTION AND MOTION TO QUASH RULE
17(c) SUBPOENA; MEMORANDUM OF POINTS AND
AUTHORITIES

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

Defendant, Joseph Sullivan, a former employee of Uber Technologies, Inc. ("Uber"), has been indicted for allegedly concealing, both from Uber management and the United States Federal Trade Commission ("FTC"), a data breach suffered by Uber in November 2016. Now, in contravention of Ninth Circuit authority, Defendant has served on Uber a pretrial Rule 17 subpoena that is grossly overbroad and that calls for the production of irrelevant, inadmissible, privileged, and otherwise protected information. In short, the Subpoena is a classic fishing expedition, and it should be quashed.

### II. Procedural History

On September 3, 2020, a grand jury indicted Defendant for obstruction of a federal proceeding and misprision of a felony for allegedly concealing a data breach suffered by Uber in November 2016. Indictment, ECF No. 13 ("Indictment"). According to the Indictment, Defendant concealed the breach not only from Uber's management and attorneys but also from the FTC. *Id.* ¶ 5. For example, the Indictment alleges that Defendant "arranged for the hackers to be paid a substantial sum of money" not to disclose the data breach and "withheld information regarding the breach from others at Uber who were in a position to disclose the breach to the FTC." *Id.*

During the investigation leading up to the Indictment, Uber received subpoenas and document requests from government agencies (the "government requests"), including from the United States Department of Justice ("DOJ" or the "Department"). These requests sought information regarding the 2016 data breach and its aftermath, as well as additional information unrelated to that breach. Uber complied with the government requests and produced a substantial number of documents, many unrelated to the 2016 data breach. In connection with those productions, Uber carefully considered and asserted the attorney-client privilege and work product protections where applicable. Uber redacted all privileged content within documents containing a mix of privileged and non-privileged content.

THIRD PARTY UBER TECHNOLOGIES, INC.'S
NOTICE OF MOTION AND MOTION TO QUASH
RULE 17(c) SUBPOENA; MEMORANDUM OF
POINTS AND AUTHORITIES

1

Defendant now requests that Uber re-produce hundreds of these same documents to him *without* the privileged content redacted. On September 16, 2021, Defendant filed a Motion for Pretrial Return Date For Subpoena Duces Tecum to Uber Technologies ("Defendant's Motion") seeking permission to issue a subpoena under Fed. R. Crim. P. 17(c) with a pretrial return date (the "Subpoena"). ECF No. 59. The Department did not oppose Defendant's Motion. On September 17, 2021, this Court granted Defendant's Motion and ordered the Subpoena to be issued. ECF No. 60.

As written, the Subpoena requests 1,349 bates-numbered documents, but the Subpoena provides no substantive request or description of the type of documents or information sought.[1] Defendant agreed to suspend the return date on the Subpoena while he and Uber, through counsel, met and conferred about the documents subject to the Subpoena. After multiple attempts to narrow the dispute during the meet-and-confer process, Defendant agreed to remove approximately 169 bates numbers from his request, but approximately 1,179 bates numbers (approximately 660 unique documents) remain. Each and every one of the remaining requested documents contains attorney-client privileged or attorney work product material and otherwise fails to meet the requirements for a Rule 17(c) pretrial subpoena. Accordingly, Uber now moves to quash the Subpoena.

## III.   Legal Standard

Rule 17(c) "was not intended to provide a means of discovery for criminal cases," but rather serves to "expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *United States v. Nixon*, 418 U.S. 683, 698-99 (1974) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)). "[T]o carry his burden" and require production before trial, the proponent of the subpoena must show three essential elements: "(1) relevancy; (2) admissibility; [and] (3) specificity." *Id.* at 700. In other words, the proponent must prove that the requested documents are relevant and admissible evidence with respect to the

---

[1] Many of the requested bates numbers are duplicative, as two different bates numbers can refer to the same document produced once to DOJ and once to another government agency. Defendant nonetheless requested both sets without considering the duplicates.

THIRD PARTY UBER TECHNOLOGIES, INC.'S
NOTICE OF MOTION AND MOTION TO QUASH RULE
17(c) SUBPOENA; MEMORANDUM OF POINTS AND
AUTHORITIES

2

charges in the indictment and that his request is described with sufficient particularity. *Id.* at 699-700.

If the proponent can meet his burden with respect to relevancy, admissibility, and specificity, the court then must still consider whether the subpoenaed party can assert a valid privilege. *Id.* at 703. If so, the pretrial subpoena should be quashed. *See In re Grand Jury Subpoena 92-1 (SJ)*, 31 F.3d 826, 831 (9th Cir. 1994) (holding that "the district court erred in denying the . . . motion to quash with respect to privileged documents"); *United States v. Reyes*, 239 F.R.D. 591, 598 (N.D. Cal. 2006) ("[A] Rule 17(c) subpoena 'should be quashed or modified if it calls for privileged matter.'") (quoting 2 Federal Practice & Procedure § 275, at 258).

**IV. Argument**

Defendant's Subpoena is an impermissible fishing expedition. Courts in the Ninth Circuit have been clear that Rule 17 does not "allow a blind fishing expedition seeking unknown evidence," *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981), nor may a defendant "adopt[] a particular theory of defense and then cast[] a wide net with the goal of reeling in something to support it," *Reyes*, 239 F.R.D. at 606. That is exactly what Defendant seeks to do here.

At bottom, Defendant's requests are not well-tailored to his defense, and they call for the production of documents and communications that are irrelevant and, in many instances, inadmissible hearsay. Defendant also has not explained why he must inspect the privileged content in the requested documents now to avoid an unreasonable delay at trial. Accordingly, Defendant cannot make the required showing under *Nixon* for the Court to enforce a Rule 17(c) pretrial subpoena against Uber. Moreover, even if the Court concludes that *Nixon* has been satisfied, the Court still should quash the Subpoena because it so plainly calls for the production of privileged or otherwise legally protected material.

    **A. The Requested Materials Are Not Relevant and Have Not Been Identified with the Requisite Specificity.**

The proponent of a pretrial subpoena must demonstrate "a sufficient likelihood that *each* of the [requested materials] contains [information] relevant to the offenses charged in the

THIRD PARTY UBER TECHNOLOGIES, INC.'S
NOTICE OF MOTION AND MOTION TO QUASH RULE
17(c) SUBPOENA; MEMORANDUM OF POINTS AND
AUTHORITIES

3

indictment." *Nixon*, 418 U.S. at 700 (emphasis added).  The proponent must establish a "substantial foundation for believing" that the documents "would furnish defensive matter." *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984).  Defendant has offered no such foundation.

In *Nixon*, a Special Prosecutor sought privileged materials through a pretrial subpoena. To support his position that the requested communications were relevant, the Special Prosecutor "offered the sworn testimony or statements of one or more of the participants in the conversations as to what was said at the time." *Nixon*, 418 U.S. at 700.  For other communications, the Special Prosecutor identified the participants, time, and place of the requested communications, which would, "taken in their total context, permit a rational inference that at least part of the conversations relate to the offenses charged in the indictment." *Id.*  On that evidence, the Supreme Court held that the requested communications were relevant to the charged offenses. *Id.* Here, in contrast, the Defendant's Motion lacks any evidence whatsoever to indicate that the privileged matter in the requested materials would be relevant.

Defendant claims, without any support, that the requested documents relate to five issues on which he "intends to present evidence at trial": (1) "[Uber] Legal's knowledge of the 2016 incident," (2) "Legal's comments and advice to Mr. Sullivan and other members of the team responding to that incident," (3) "the extent to which Legal was responsible for determining Uber's obligation to report the incident to the FTC or others," (4) "the respective roles of Mr. Sullivan and others (including members of Legal) in communicating with the FTC," and (5) "the extent to which Uber's management team knew about the incident prior to November 21, 2017." Def.'s Mot. at 3.  Defendant then baldly asserts that the requested documents "will tend to negate the intent to conceal that is an element of each of the charges against him and will undermine other significant portions of the government's allegations against him." Def.'s Mot. at 3.

This blanket statement is wholly inadequate to sustain Defendant's burden to establish the relevancy of approximately 660 unique documents.  Defendant provides no information that

THIRD PARTY UBER TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO QUASH RULE 17(c) SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES

4

would permit any inference that the documents are related to the offenses with which he has been charged or his defenses to those charges.[2]

Although Defendant bears the burden to show relevancy, Uber notes that there are multiple reasons apparent on the face of the documents to undermine any claim of relevancy by Defendant. Some specific examples follow.

*First*, 497 of the requested documents do not involve Defendant at all—they are emails that were not sent to him or from him or are documents that did not come from his custodial file. These emails and documents, for which there is no indication that Defendant would have had access during his time at Uber, are irrelevant to the issue of Defendant's intent (and, to the extent they purport to describe Defendant's intent, they would constitute inadmissible hearsay). Furthermore, the bulk of these emails do not involve members of Uber's management team and thus are not relevant to the management team's knowledge of the 2016 data breach.

*Second*, 225 of the requested documents are from after November 21, 2017, which is *after* Defendant was fired from Uber and *after* the relevant time period set forth in Defendant's own Motion.[3] It is not apparent how these documents are relevant to his conduct in November 2016, the period on which the Indictment is based, or "the extent to which Uber's management team knew about the incident prior to November 21, 2017."[4] Nor has Defendant provided any such explanation.

*Third*, Defendant requests 56 documents that *pre-date* the November 2016 data breach, raising substantial questions about how those documents could possibly be relevant to charges stemming from Defendant's conduct in and after November 2016. Uber raised this issue during

---

[2] Notably, although Defendant states that there are five issues for which he seeks evidence, he does not actually limit his Subpoena to documents that are related to those categories. When Uber represented to Defendant that specific documents were not relevant to these five issues, Defendant still refused to withdraw his request for those documents.

[3] *See* Def.'s Mot. at 3.

[4] See Def.'s Mot. at 3. Even if the documents were relevant to that issue, Defendant would still need to explain how they would be admissible. As noted below, the documents would constitute inadmissible hearsay insofar as Defendant argues they are relevant to his intent.

THIRD PARTY UBER TECHNOLOGIES, INC.'S
NOTICE OF MOTION AND MOTION TO QUASH RULE 17(c) SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES

5

the meet-and-confer process and requested that Defendant withdraw this request. Defendant did not modify the request, nor did he explain the possible relevance of the requested documents.

In short, Defendant cannot carry his burden on relevancy. For that reason alone, the Court should quash the Subpoena.

But the Court also should quash the Subpoena for a related reason: Defendant has utterly failed to identify with any specificity the nature of what he is seeking in the redacted documents, other than by describing his likely defenses and then baldly asserting that the requested documents relate to those defenses. Unlike the usual case in which a defendant seeks documents that he does not currently have (and, therefore, may encounter difficulty in describing their specific content), Defendant has the redacted versions of the documents to provide him at least an indication as to their content.[5] Accordingly, he should be able to identify with more specificity how the requested documents might be relevant or support a valid defense. Defendant has failed to do so. The Court should therefore quash the Subpoena.

### B. Even If Defendant Can Demonstrate Relevancy and Specificity, the Requested Documents Are Not Admissible.

To sustain a Rule 17(c) subpoena, the proponent of the subpoena must also establish that the requested documents are "admissible with respect to the offenses charged." *Nixon*, 418 U.S. at 700. The proponent of the subpoena must show that the materials, for example, are not inadmissible hearsay. *See Reed*, 726 F.2d at 577; *see also United States v. Collins*, 2013 WL 1089908, at *4-5 (N.D. Cal. Mar. 15, 2013) (modifying subpoena to exclude materials that on their face were relevant only for hearsay purposes—*i.e.*, to prove the truth of the matter asserted). But inadmissible hearsay evidence is exactly what Defendant seeks.

Defendant suggests, without any support, that the approximately 660 unique documents he has subpoenaed would be admissible "to negate the intent to conceal that is an element of each of the charges against him." Def.'s Mot. at 3. But it is clear that many of the approximately 660 unique subpoenaed documents would be inadmissible hearsay, as well as completely irrelevant to

---

[5] For the two documents withheld and produced with a slip sheet, Defendant has received the non-privileged attachments that were produced along with the withheld documents.

1  Defendant's stated defense. The vast majority of the documents Defendant requests, 497 of the
2  more than 660 unique documents requested, are not his custodial emails or documents. In other
3  words, they are not emails sent to or from Defendant, and there is no indication that he otherwise
4  would have had access to these documents while employed at Uber. These documents include
5  communications between Uber employees and lawyers regarding Defendant's compensation,
6  performance reviews for members of Defendant's group, and communications by corporate
7  lawyers regarding corporate investment issues. Furthermore, many of these documents are not
8  communications at all—they are written notes or documents and therefore contain at least one
9  level, and perhaps two levels, of hearsay. These documents—none of which Defendant would
10 have been privy to—are plainly hearsay and irrelevant to the extent Defendant purports to seek
11 them as evidence bearing on his intent.

### C. Even If the Court Finds That Defendant Has Sufficiently Shown Relevancy, Specificity, and Admissibility, the Court Still Should Quash the Subpoena Because It Calls Only for the Production of Privileged Material.

The law is well established that Rule 17(c) subpoenas cannot be used to compel the production of privileged information. *In re Grand Jury Subpoena 92-1 (SJ)*, 31 F.3d at 831; *Reyes*, 239 F.R.D. at 598; *United States v. Ellis*, 2017 WL 1164172, at *3 (N.D. Cal. Mar. 29, 2017); *United States v. Pac. Gas & Elec. Co.*, 2016 WL 1212091, at *3 (N.D. Cal. Mar. 28, 2016); *Collins*, 2013 WL 1089908, at *3; *United States v. Lee*, 2009 WL 724042, at *2 (N.D. Cal. Mar. 18, 2009). Indeed, a request for privileged materials provides an independent basis, apart from Rule 17's requirements, for the Court to quash the Subpoena. *See United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981).

It is undisputed here that Defendant seeks *only* information that Uber asserts is protected by the attorney-client privilege or work product protections. Def.'s Mot. at 3. In fact, the only documents at issue are those documents he received from the Department with redactions for

THIRD PARTY UBER TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO QUASH RULE 17(c) SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES

7

attorney-client privilege and attorney work product, which he seeks to have re-produced to him without such redactions.[6] The Court should reject Defendant's attempt to breach the privilege.

Uber has at all times appropriately asserted the attorney-client privilege and work product protections. "The attorney-client privilege protects confidential communications between a client seeking legal advice and an attorney providing such advice." *In re Grand Jury Subpoena 92-1 (SJ)*, 31 F.3d at 829. The Ninth Circuit applies an eight-part test to determine whether information is protected by attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) (quoting *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009)). Each of the documents Defendant requests contains information "relating to" a confidential communication to or from Uber's lawyers, both in-house and outside counsel, for the purpose of providing legal advice.

Even if Defendant might wish to challenge Uber's privilege determinations in this regard, Uber has met any burden it may have to apprise Defendant of the nature of the communications at issue. The Ninth Circuit has held that it is sufficient for a party asserting the attorney-client privilege to identify:

> (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated.

*In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992). Providing the subject matter of the privileged communication is "beyond" the required standard. *Id.* Here, the redacted emails provided to the Department reflect, on their face, the Uber attorney and client involved, the nature of the document (email), who received the email, and its date. Uber produced

---

[6] Two of the requested documents were produced to DOJ as "slip sheets," for example, where a privileged email contained non-privileged attachments. In that case, the privileged email was produced as a slip sheet, and the attachments were produced in full.

THIRD PARTY UBER TECHNOLOGIES, INC.'S
NOTICE OF MOTION AND MOTION TO QUASH RULE
17(c) SUBPOENA; MEMORANDUM OF POINTS AND
AUTHORITIES

8

substantial metadata reflecting the same information, including for non-email documents. Accordingly, under Ninth Circuit law, Uber has sufficiently identified the communications at issue, and Defendant should not be allowed to enlarge Uber's obligations through the use of a Rule 17(c) subpoena.

Many of the documents are also protected by the attorney work product doctrine. That doctrine "protects 'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'" *United States v. Sanmina Corp.*, 968 F.3d 1107, 1119 (9th Cir. 2020) (quoting *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989)). Uber was involved in responding to an inquiry from the FTC in 2016 and 2017, and materials prepared in anticipation of a potential dispute between Uber and a regulatory body are protected under the work product doctrine. *See id.* at 1122 (holding that memos prepared in anticipation of a dispute with the IRS were protected work product).

Defendant does not argue that Uber waived privilege. Defendant, however, suggests without any support that waiver is an issue the Court may need to consider in deciding Uber's motion to quash. Def.'s Mot. at 4. In fact, Uber has not "disclose[d] privileged information to a third party who is not bound by the privilege, or otherwise show[ed] disregard for the privilege by making the information public." *Sanmina Corp.*, 968 F.3d at 1117. Uber also has not disclosed work product to an "adversary in litigation" or "substantially increased the opportunities for potential adversaries to obtain the information." *Id.* at 1121.

Finally, contrary to the passing reference in Defendant's Motion, Def.'s Mot. at 4, there is no Fifth or Sixth Amendment right to compel the production of materials via a Rule 17(c) subpoena over a valid assertion of privilege. *See United States v. Martinov*, 2012 WL 3987329, at *1 (N.D. Cal. Sept. 11, 2012) (noting that "[a]lthough Defendant has a constitutional right to the documents, this does not mean that he is automatically entitled to production of the documents" if, for example, the documents are privileged).

**V.     Conclusion**

For the foregoing reasons, the Court should quash the Subpoena.

THIRD PARTY UBER TECHNOLOGIES, INC.'S
NOTICE OF MOTION AND MOTION TO QUASH RULE
17(c) SUBPOENA; MEMORANDUM OF POINTS AND
AUTHORITIES

9

Dated: December 16, 2021

Respectfully submitted,

By: /s/ *W. Douglas Sprague*
W. Douglas Sprague (Cal. Bar No. 202121)
David Grady Jung (Cal. Bar No. 314508)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6000
dsprague@cov.com
gjung@cov.com

Steven E. Fagell (*pro hac vice application pending*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001-4956
Telephone: (202) 662-6000
sfagell@cov.com

*Attorneys for Uber Technologies, Inc.*

THIRD PARTY UBER TECHNOLOGIES, INC.'S
NOTICE OF MOTION AND MOTION TO QUASH RULE
17(c) SUBPOENA; MEMORANDUM OF POINTS AND
AUTHORITIES

10