STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ANDREW F. DAWSON (CABN 264421)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7019
    Facsimile: (415) 436-7234
    E-mail: andrew.dawson@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-CR-00337 WHO |
| Plaintiff, | **UNITED STATES' *EX PARTE* APPLICATION AND [PROPOSED] ORDER PERMITTING RELEASE OF GRAND JURY TRANSCRIPTS AND SUBPOENAS** |
| v. | |
| JOSEPH SULLIVAN, | Trial Date: September 6, 2022 |
| Defendant. | Court: Hon. William H. Orrick. |

**A.    Introduction**

The United States hereby respectfully applies *ex parte* for an order, pursuant to Federal Rule of Criminal Procedure 6(e), authorizing the government to provide defendant's counsel with copies of the grand jury testimony of certain witnesses whom the government may call at trial. The government further requests authorization to provide copies of subpoenas *duces tecum* issued in the course of the grand jury's investigation.

**B.    Government Request**

The secrecy provisions of Federal Rule of Criminal Procedure 6(e) provide in pertinent part

//

//

that:

>The Court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand-jury matter:
>
>(i) preliminarily to or in connection with a judicial proceeding . . . .

Fed. R. Crim. P. 6(e)(3)(E). The Court's power to order disclosure is discretionary and may be exercised upon a showing of need and a finding that disclosure is required by the ends of justice. *In re William H. Pflaumer & Sons, Inc.*, 53 F.R.D. 464, 470 (E.D. Pa. 1971); *see also United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

In *U.S. Industries, Inc. v. United States District Court*, 345 F.2d 18 (9th Cir.), *cert. denied*, 382 U.S. 814 (1965), the Ninth Circuit observed that disclosure should be liberally allowed when the traditional policies underlying grand jury secrecy are no longer served. The court held that when the reasons for the policy of secrecy "do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking disclosures should not be required to demonstrate a large compelling need." *Id.* at 21.

The Ninth Circuit listed five policy considerations underlying the need for grand jury secrecy:

>(1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosures of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Id.* at 22 (quoting *United States v. Amazon Ind. Chem. Corp.*, 55 F.2d 254 (D. Md. 1931)); *accord Procter & Gamble Co.*, 356 U.S. at 681-82 n.6.

In this case, the policy considerations requiring secrecy apply with diminished force. The case has already been indicted, and the matter is set to proceed to trial on September 6, 2022. *See In re William H. Pflaumer & Sons, Inc.*, 53 F.R.D. at 470 (stating that "once a grand jury has concluded its work, the courts have, to some degree, relaxed the secrecy principle"). Disclosing the testimony of certain witnesses before the grand jury who are expected to testify at trial or subpoenas *duces tecum* would not in this case implicate the policy considerations outlined above. This is particularly so in light

of the Jencks Act's command that a trial witness's relevant prior statements must ultimately be produced.  *See* 18 U.S.C. § 3500.

**C.    Conclusion**

Accordingly, the government moves this Court to issue an order authorizing the government to provide defendant's counsel with copies of the grand jury testimony of certain witnesses whom the government may call at trial, in addition to copies of subpoenas *duces tecum* issued in the course of that investigation.  A proposed order is set out below.

DATED: January 25, 2022                             Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney


                                                                      /s/
ANDREW F. DAWSON
Assistant United States Attorney

## [PROPOSED] ORDER

IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E) that plaintiff United States of America may supply counsel for defendant with a copy of the grand jury testimony of witnesses the government may call at trial.  In addition, plaintiff United States of America may supply counsel for defendant with copies of subpoenas *duces tecum* issued in the course of the grand jury's investigation in this matter.

IT IS FURTHER ORDERED that defense counsel shall not disclose such grand jury testimony or subpoenas to any other persons, except as necessary in preparation of the defense, without prior authorization from this Court, and that the copies of the transcripts and subpoenas *duces tecum* provided to defense counsel (and any reproductions or copies made of the produced copy) shall be returned to the government or destroyed at the conclusion of proceedings.

DATED: _____

HONORABLE WILLIAM H. ORRICK
United States District Judge