UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH SULLIVAN,<br><br>Defendant. | Case No. 20-cr-00337-WHO-1<br><br>**ORDER GRANTING PROPOSED ORDER REGARDING UBER'S MOTION TO QUASH RULE 17(C) SUBPOENA** |

Having reviewed the briefing concerning defendant Joseph Sullivan's proposed order regarding the motion to quash filed by third party Uber Technologies, Inc. ("Uber"), the proposed order is ADOPTED in full, subject to the scheduling modification noted below.[1] I will also enter that order separately, with the modification described at the end of this Order.

The proposed order strikes a well-balanced approach to parties' competing needs. It affords Sullivan access to documents that he might use in defending himself in this criminal case. At the same time, it provides Uber sufficient protections over materials that may in fact be shielded by attorney-client privilege or the work-product doctrine (which I will decide at a later point, after any motion to preclude and subsequent briefing by Uber and Sullivan). And it does this in as efficient of a manner as is practicable.

The government's objection is not persuasive. *See* Dkt. No. 104. Sullivan is not using attorney-client privilege as a sword or shield—he can wield neither, as the privilege asserted is Uber's, not his own. *Cf. Chevron Corp. v. Pennzoil Corp.*, 974 F.2d 1156, 1162-63 (9th Cir.

---

[1] Sullivan submitted the proposed order to the court (as well as counsel for Uber and the government) via email on March 31, 2022, but does not appear to have filed it the docket. The proposed order, which I incorporate by reference here, can be found attached to the government's objection as Exhibit A. *See* Dkt. No. 104-1.

1992) (considering the defendant's privilege with its own counsel); *Bittaker v. Woodford*, 331 F.3d 715, 723-24 (9th Cir. 2003) (same).  Moreover, the inherent tension is between the constitutional rights guaranteed to Sullivan as a criminal defendant and the attorney-client privilege or work-product protections afforded to Uber.  The government's rights are not implicated in that way.  The government will still gain access to the documents that Sullivan may seek to use at trial, after I have made any necessary decisions about what must be disclosed.

The proposed order is therefore ADOPTED, with one minor change:  On or before May 16, 2022, Sullivan shall provide Uber notice of which of the documents provided to Sullivan pursuant to this Order he intends to use at trial ("the Proposed Trial Documents").  The rest of the schedule outlined in the proposed (now adopted) order will remain the same.  Because of the court's schedule, any motion to preclude must be heard no later than July 7, 2022, with any reply filed no later than June 23, 2022.  Should Sullivan and Uber wish to change any of the other deadlines, they may file a stipulation seeking to do so.

**IT IS SO ORDERED.**

Dated: April 26, 2022

William H. Orrick
United States District Judge