UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:20-cr-00337-WHO |
| Plaintiff, | [PROPOSED] ORDER REGARDING UBER'S MOTION TO QUASH RULE 17(C) SUBPOENA |
| v. | |
| JOSEPH SULLIVAN, | |
| Defendant. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**[PROPOSED] ORDER**

WHEREAS:

1.  On September 17, 2021, at Defendant's request, the Court issued a Subpoena to Third Party Uber Technologies, Inc. ("Uber"), pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure.

2.  On December 16, 2021, Uber moved to quash the subpoena (ECF No. 68) under *United States v. Nixon*, 418 U.S. 683 (1974), as well as on grounds that the documents are protected by the attorney-client privilege and/or attorney work product doctrine.

3.  The Court, having considered Uber's Motion to Quash and Uber's and Defendant's submissions and arguments relating thereto, tentatively indicated in a hearing held on February 10, 2022, and without ruling on the privilege issues raised in the parties' filings, that at least some of the documents sought by Defendant may be relevant to his potential defenses and identified with the requisite specificity.  The Court further tentatively indicated that Uber was "entitled to try to preserve [its claims of attorney-client privilege and work product protection over the subpoenaed documents] unless the Fifth Amendment rights of [Defendant] . . . demand the[ir] disclosure."  The Court indicated that it was "contemplating" a procedure in which documents related to one or more of the five subject areas set forth at page 9 of Defendant's Opposition to Uber's Motion to Quash Rule 17(c) Subpoena (ECF No. 75) ("Defendant's Relevance Categories") would be "disclosed [to Defendant] in a protected way" that would "protect Uber" and its claims of attorney-client privilege and work product protection.

4.  Uber continues to object to production of the documents listed in the subpoena and maintains its assertions of attorney-client privilege and work product protection as to all materials sought in the subpoena.  Uber also maintains its objection that the subpoena

fails to satisfy in full the three-part test of relevancy, specificity, and admissibility, as articulated in *Nixon*, notwithstanding the Court's tentative indication that at least some of the requested documents appeared to be relevant and identified with the requisite specificity. Moreover, Uber objects to any ruling that Defendant's constitutional rights override Uber's attorney-client privilege and/or work product protection, or entitle him to any other privileged information that may be relevant to Defendant's defenses. Nevertheless, Uber and Defendant are not requesting leave of the Court for additional briefing on these issues at this time, and the Court will defer ruling on Uber's Motion to Quash under the terms set forth below.

Therefore, the Court hereby ORDERS as follows:

Within two business days of the entry of this Order, Uber shall identify all documents listed in Attachment A hereto that contain redacted or withheld material that relates to one or more of Defendant's Relevance Categories and provide to Defendant unredacted copies of those documents or copies of those documents without redactions over the material related to one or more of Defendant's Relevance Categories. To the extent Uber concludes in its sole judgment that the redacted or withheld material in any of the documents identified in Attachment A does not relate to one or more of Defendant's Relevance Categories, Uber shall identify those documents by Bates number to Defendant's counsel within two business days of the entry of this Order. Uber and Defendant shall then meet and confer in an effort to agree on which documents Uber will not provide to Defendant because the redacted or withheld material contained in the documents is not related to one or more of Defendant's Relevance Categories. Any documents upon which Uber and Defendant cannot agree will be submitted by Uber to the Court for *in camera* review to determine whether the redacted or withheld material relates to one or more of Defendant's Relevance Categories. Uber and Defendant may also submit to the Court briefing

explaining their respective positions as to whether the documents submitted for *in camera* review relate to Defendant's Relevance Categories.  Any such briefing submitted by Uber may be submitted *ex parte*.

It is FURTHER ORDERED that no privilege or other protection has been or shall be waived by Uber's participation in the meet-and-confer sessions that have occurred to date as requested by the Court on February 10, 2022, or that will occur at any subsequent time under this Order, between or among Defendant, Uber, or the United States.  In addition, pursuant to Federal Rule of Evidence 502(d), no privilege or other protection shall be waived by Uber's disclosure of the materials provided to Defendant pursuant to this Order (the "Privileged Information"), and such disclosure shall not operate as a waiver in any other federal or state proceeding.

It is FURTHER ORDERED that, absent further Order of the Court, Defendant may use the Privileged Information solely for the purpose of determining which Privileged Information Defendant intends to seek permission to use at trial, and neither Defendant nor his counsel may share the Privileged Information or its contents with the United States, any other government agency, or any other third party without Uber's express written permission or further Order of this Court.

It is FURTHER ORDERED that on or before May 16, 2022, Defendant shall provide Uber notice of which of the documents provided to Defendant pursuant to this Order Defendant intends to use at trial (the "Proposed Trial Documents").  On or before June 3, 2022, counsel for Defendant shall return to Uber any documents containing Privileged Information provided pursuant to this Order that Defendant does not identify as Proposed Trial Documents.

On or before May 30, 2022, and following good faith conferral by Uber and Defendant, Uber may file under seal a motion to preclude the use at trial of any Proposed Trial Document. Uber may raise in its motion any arguments from its Motion to Quash filed December 16, 2021

(ECF No. 68) that a Proposed Trial Document contains information protected by the attorney-client privilege and/or attorney work product doctrine, that further use of such information by Defendant, including at trial, over Uber's objection is not compelled by the United States Constitution, or that the production of the document is precluded under the three-part test in *Nixon*.

Defendant shall file his opposition to Uber's motion to preclude no later than June 13, 2022, and may raise in its opposition any arguments from its prior briefing in opposition to Uber's Motion to Quash.

Uber shall file its reply to Defendant's opposition no later than June 23, 2022.

The hearing on Uber's motion to preclude (if Uber files such a motion) is set for July 7, 2022, at 1:30 p.m.

Subject to any protective order issued by the Court, Defendant shall promptly provide counsel for the United States with copies of any Proposed Trial Document(s) that the Court orders Defendant may seek to use at trial (the "Trial Documents"). The Court's ruling shall not preclude the United States from opposing the use of any Trial Document at trial or in any other proceeding, including on grounds that a Trial Document is irrelevant or inadmissible.

The United States shall not use any Trial Documents outside of this proceeding without Uber's express written permission or further Order of this Court. In particular, the United States is precluded from making direct or derivative use of any Trial Document in connection with any investigation or litigation against Uber.

The Privileged Information provided pursuant to this Order may be used by Defendant only for the specific purpose of preparing or presenting a defense in this matter, unless otherwise specifically authorized by the Court. This Order covers not only the Privileged Information in the documents identified in Attachment A hereto, but also any Privileged Information copied,

excerpted, or summarized from those documents, and any testimony, conversations, or presentations by counsel that might reveal Privileged Information from those documents.

Neither Defendant nor any member of the defense team or the prosecution team for the United States (*i.e.*, counsel of record, their investigators, assistants, employees, other agents, or otherwise) shall provide, show, disclose or otherwise convey to any third party (*i.e.*, any person who is not a member of the prosecution or defense teams) the contents of any Privileged Information, or make any public disclosure of the same, without further Order of this Court, except that Trial Documents may be shown to or discussed with potential witnesses and counsel for potential witnesses. Any Trial Documents shown to or discussed with potential witnesses or their counsel must remain at all times in the sole possession of counsel for Defendant or the United States. Unless otherwise specifically authorized by the Court or Uber, potential witnesses are permitted to review a Trial Document only in the presence of counsel for Defendant or the United States and shall not keep or otherwise maintain Trial Documents or copies thereof.

Any potential witnesses and any counsel for potential witnesses with whom Trial Documents are discussed or to whom Trial documents are shown must first agree to the confidentiality provisions contained in Attachment B to this Order and agree to be bound by any protective order issued by the Court. Unless otherwise specifically authorized by the Court, Defendant and the United States may question, prepare, or examine a potential witness, either prior to trial or at trial, about the authenticity of the Trial Documents, the fact of any statements reflected in the Trial Documents, and the effect such statements had on others (the "Examination Topics"). Beyond the Examination Topics, Defendant and the United States shall not be permitted to question, prepare, or examine any potential witness, either prior to trial or at trial, about any attorney opinion work product or otherwise seek to elicit any privileged or otherwise protected content not specifically set forth on the face of a Trial Document. If Defendant or the

United States wishes to question, examine, or prepare a witness about any attorney opinion work product or otherwise privileged or protected content other than the Examination Topics, Defendant or the United States may make a motion to that effect. Uber may oppose this motion, including on the grounds that any inquiry beyond the Examination Topics would constitute an impermissible violation of Uber's attorney-client privilege and/or the attorney work product doctrine. Defendant or the United States also may oppose such a motion, including on grounds of relevance or admissibility. Any pleading or other document that references, contains, or attaches any of the Privileged Information subject to this Order must be filed under seal.

Counsel for Defendant shall return to Uber all Proposed Trial Documents that the Court determines Defendant may not seek to use at trial within 14 days of such order by the Court. Further, Defendant and the United States shall return to Uber all Trial Documents within 14 days of whichever event occurs last in time: the entry of an Order dismissing all charges against Defendant; the entry of Judgment following Defendant's acquittal or sentencing; or the issuance of the mandate following any direct appeal.

Nothing in this Order shall be construed as a finding that Uber has waived the attorney-client privilege, attorney work product protection, or any other applicable privilege or protection.

Nothing in this Order shall be construed as prohibiting Defendant or Uber from seeking additional protections.

Nothing in this Order shall be argued or construed as creating any law of the case beyond what is specifically and explicitly addressed and ordered herein.

This Court shall retain jurisdiction to modify this Order upon motion of either Defendant or Uber even after the conclusion of district court proceedings in this case.

**IT IS SO ORDERED.**

DATED: April 26, 2022

WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE

**Attachment A**

UBER15_0040506

UBER15_0040509

UBER15_0040514

UBER15_0040517

UBER15_0040520

UBER15_0040966

UBER15_0040522

UBER15_0040525

UBER15_0040529

UBER15_0040534

UBER15_0040537

UBER15_0040540

UBER-DATA-00058854

UBER15_0040546

UBER15_0040549

UBER15_0040552

UBER15_0040555

UBER15_0040560

UBER15_0040562

UBER-DATA-00065601

UBER-GJ-0000740

UBER-GJ-0000764

UBER-GJ-0000815

UBER-GJ-0001316

1

UBER-GJ-0001475

2

UBER-GJ-0001542

3

UBER-GJ-0001575

4

UBER-GJ-0001580

5

UBER-GJ-0001582

6

UBER-GJ-0001584

7

UBER-GJ-0001586

8

UBER-GJ-0001588

9

UBER-GJ-0001590

10

UBER-GJ-0001596

11

UBER-GJ-0001608

12

UBER-GJ-0001629

13

UBER-GJ-0002154

14

UBER-GJ-0002160

15

UBER-GJ-0002178

16

UBER-GJ-0002183

17

UBER-GJ-0002188

18

UBER-GJ-0002189

19

UBER-GJ-0002190

20

UBER-GJ-0002191

21

UBER-GJ-0002195

22

UBER-GJ-0002199

23

UBER-GJ-0002202

24

UBER-GJ-0002211

25

UBER-GJ-0002213

26

27

28

UBER-GJ-0000001

UBER-GJ-0000350

UBER-DISC-0033783

UBER-DISC-0033789

UBER-DISC-0033795

UBER-DISC-0033935

UBER-DISC-0033941

UBER-GJ-0002234

UBER-GJ-0002237

UBER-DATA-00058954

UBER-DATA-00058969

UBER-DATA-00059044

UBER-DISC-0034654

UBER-DISC-0034663

UBER-DISC-0034670

UBER-DISC-0034737

UBER-DISC-0034741

UBER-DISC-0034745

UBER-DISC-0035142

UBER-DISC-0035155

UBER-DISC-0035157

UBER-DISC-0035163

UBER-DISC-0024280

UBER-DISC-0024295

UBER-DISC-0024310

UBER-DISC-0024365

UBER-DISC-0024463

UBER-DISC-0024478

UBER-DISC-0024493

UBER-DISC-0024508

UBER-DISC-0024522

UBER-DISC-0024536

UBER-DISC-0018671

UBER-DISC-0018673

UBER-DISC-0018678

UBER-DISC-0035737

UBER-DISC-0035759

UBER-DISC-0035903

UBER-DISC-0035905

UBER-DISC-0035931

UBER-DISC-0036570

UBER-DISC-0036572

UBER-DISC-0019033

UBER-DISC-0038151

UBER-DISC-0027672

UBER-DISC-0027675

UBER-DISC-0027678

UBER-DISC-0020365

UBER-DISC-0040877

UBER-DISC-0040903

[PROPOSED] ORDER
3:20-cr-00337-WHO                     4

UBER-DISC-0041014

UBER-DISC-0043078

UBER-DISC-0043368

UBER-DISC-0043381

UBER-DISC-0044690

UBER-DISC-0044800

UBER-DISC-0044905

UBER-DISC-0045012

UBER-DISC-0045095

UBER-DISC-0045201

UBER-DISC-0045244

UBER-DISC-0045324

UBER-DISC-0045402

UBER-DISC-0045813

UBER-DISC-0045865

UBER-DATA-00073390

UBER-DATA-00054011

UBER-DATA-00079421

UBER-DATA-00079419

UBER-DATA-00079417

UBER-DATA-00054148

UBER-DATA-00054149

UBER-DATA-00073121

UBER15_0034730

UBER15_0034733

UBER-DATA-00079416

UBER-DATA-00079413

UBER-DATA-00079411

UBER-DATA-00079409

UBER15_0041234

UBER15_0041236

UBER15_0036517

UBER-DATA-00073410

UBER-DATA-00073411

UBER-DATA-00073412

UBER-DATA-00060152

UBER15_0036632

UBER15_0041251

UBER15_0036578

UBER-DATA-00060225

UBER-DATA-00060227

UBER-DATA-00054363

UBER-DATA-00054365

UBER15_0034933

UBER15_0034934

UBER15_0034936

UBER15_0034940

UBER15_0034942

UBER15_0034945

UBER15_0034947

UBER15_0034949

UBER15_0034957

UBER15_0034963

UBER15_0034965

UBER-DATA-00055257

UBER15_0035903

UBER15_0035907

UBER15_0035909

UBER15_0035911

UBER15_0035915

UBER15_0035917

UBER15_0036695

UBER15_0036039

UBER15_0036676

UBER15_0036700

UBER15_0041389

UBER15_0036732

UBER15_0036135

UBER15_0041463

UBER15_0036845

UBER15_0036204

UBER15_0036892

UBER15_0036914

UBER15_0036261

UBER15_0036924

[PROPOSED] ORDER
3:20-cr-00337-WHO

UBER15_0036292

UBER15_0049190

UBER-DATA-00073431

UBER15_0041646

UBER15_0041647

UBER15_0036948

UBER15_0037002

UBER15_0041650

UBER15_0037006

UBER15_0041654

UBER15_0037009

UBER15_0036960

UBER15_0041656

UBER15_0036963

UBER15_0041658

UBER15_0041664

UBER15_0036966

UBER15_0041667

UBER15_0036969

UBER15_0041675

UBER15_0041679

UBER15_0041830

UBER15_0041834

UBER15_0037062

UBER15_0037065

UBER15_0041850

UBER15_0041934

UBER15_0036977

UBER15_0041941

UBER15_0036981

UBER15_0036984

UBER15_0036987

UBER15_0036990

UBER15_0049391

UBER15_0041952

UBER15_0037041

UBER15_0041959

UBER-DATA-00061117

UBER15_0041967

UBER15_0037049

UBER15_0041978

UBER15_0037054

UBER15_0041982

UBER15_0037060

UBER15_0041986

UBER15_0042004

UBER-DATA-00061176

UBER15_0037016

UBER15_0037021

UBER15_0037026

1     UBER-DATA-00061196

2     UBER15_0037036

3     UBER15_0042010

4     UBER-DATA-00073136

5     UBER-DATA-00073139

6     UBER-DATA-00073142

7     UBER15_0037070

8     UBER-DATA-00066456

9     UBER15_0035951

10    UBER15_0037075

11    UBER15_0037078

12    UBER15_0037081

13    UBER15_0037084

14    UBER15_0037087

15    UBER15_0037090

16    UBER15_0037092

17    UBER15_0037094

18    UBER15_0037099

19    UBER-DATA-00061515

20    UBER15_0049398

21    UBER-DATA-00072662

22    UBER15_0049403

23    UBER15_0049406

24    UBER15_0049408

25    UBER15_0049410

26

27

28

[PROPOSED] ORDER
3:20-cr-00337-WHO          10

UBER-DATA-00072655

UBER15_0049396

UBER-DATA-00073434

UBER-DATA-00073508

UBER15_0049532

UBER15_0049533

UBER-DATA-00066550

UBER-DATA-00066552

UBER-DATA-00056113

UBER-DATA-00056116

UBER15_0042421

UBER15_0037831

UBER-DATA-00061669

UBER-DATA-00061765

UBER15_0038024

UBER15_0042424

UBER15_0042428

UBER15_0042431

UBER15_0042434

UBER15_0042436

UBER15_0042438

UBER15_0042440

UBER15_0042444

UBER15_0042448

UBER15_0042452

UBER15_0042457

UBER15_0042459

UBER15_0042462

UBER15_0042464

UBER15_0037158

UBER15_0037159

UBER15_0037197

UBER15_0037745

UBER15_0037749

UBER15_0042664

UBER15_0037771

UBER-DATA-00062004

UBER15_0037800

UBER15_0037812

UBER15_0037819

UBER15_0037825

UBER15_0038026

UBER15_0038031

UBER15_0038036

UBER15_0038042

UBER15_0038046

UBER15_0038051

UBER15_0038054

UBER-DATA-00062073

UBER15_0038060

UBER-DATA-00062081

UBER15_0038072

UBER15_0038078

UBER15_0038080

UBER15_0042675

UBER15_0038344

UBER15_0038354

UBER15_0038369

UBER15_0038379

UBER15_0038385

UBER15_0037385

UBER15_0037390

UBER15_0037395

UBER15_0037401

UBER15_0037408

UBER15_0037415

UBER15_0037421

UBER15_0037427

UBER15_0037436

UBER15_0035961

UBER15_0037442

UBER15_0037448

UBER15_0037452

UBER15_0037458

UBER-DATA-00062238

UBER-DATA-00062247

UBER15_0037475

UBER15_0037486

UBER15_0037493

UBER15_0037504

UBER15_0037507

UBER15_0042680

UBER15_0037510

UBER15_0037515

UBER15_0037522

UBER15_0037525

UBER15_0037528

UBER15_0037531

UBER15_0037534

UBER15_0037536

UBER15_0037543

UBER15_0037552

UBER15_0037560

UBER15_0037562

UBER15_0037564

UBER15_0037566

UBER15_0037573

UBER15_0037580

UBER15_0037586

UBER15_0037592

1    UBER15_0037598

2    UBER15_0037603

3    UBER15_0037609

4    UBER15_0037613

5    UBER15_0037618

6    UBER15_0037621

7    UBER15_0037625

8    UBER15_0037628

9    UBER15_0037631

10   UBER15_0042685

11   UBER-DATA-00062417

12   UBER15_0037634

13   UBER15_0037637

14   UBER15_0037640

15   UBER15_0037642

16   UBER15_0037644

17   UBER15_0037646

18   UBER15_0037648

19   UBER15_0037650

20   UBER15_0037652

21   UBER-DATA-00062443

22   UBER15_0037658

23   UBER15_0037659

24   UBER15_0037663

25   UBER15_0037667

26

27

28

[PROPOSED] ORDER
3:20-cr-00337-WHO                    15

UBER15_0037670

UBER15_0037673

UBER15_0037676

UBER15_0035970

UBER-DATA-00056191

UBER15_0035974

UBER15_0037678

UBER15_0037679

UBER15_0038140

UBER15_0038333

UBER15_0038401

UBER15_0038409

UBER15_0038417

UBER-DATA-00062753

UBER-DATA-00062760

UBER-DATA-00062761

UBER15_0038432

UBER15_0038435

UBER15_0037683

UBER15_0042691

UBER15_0037688

UBER15_0042696

UBER15_0042703

UBER15_0038871

UBER15_0038874

UBER15_0038878

UBER-DATA-00058082

UBER15_0038881

UBER-DATA-00062878

UBER15_0038886

UBER15_0049191

UBER15_0049243

UBER15_0049679

UBER-GJ-0002240

UBER-GJ-0002244

UBER-GJ-0002247

UBER-GJ-0002253

UBER-GJ-0002258

UBER-GJ-0002259

UBER15_0049412

UBER15_0049413

UBER15_0049415

UBER-DATA-00073100

UBER-DATA-00073144

UBER-DATA-00073582

UBER-DATA-00073586

UBER-DATA-00072799

UBER-DATA-00073589

UBER-DATA-00073590

UBER-DATA-00073593

UBER-DATA-00073596

UBER15_0049544

UBER15_0049541

UBER15_0049546

UBER15_0049548

UBER15_0049550

UBER15_0049418

UBER-DATA-00073599

UBER-DATA-00073601

UBER15_0039040

UBER15_0039043

UBER15_0039000

UBER15_0039002

UBER15_0039005

UBER15_0039007

UBER15_0039046

UBER15_0039016

UBER15_0039018

UBER15_0039019

UBER15_0039022

UBER15_0039027

UBER15_0039031

UBER15_0039035

UBER15_0039095

UBER15_0039105

UBER15_0039120

UBER15_0039128

UBER15_0039142

UBER15_0039156

UBER15_0039164

UBER15_0039178

UBER15_0039185

UBER15_0039048

UBER15_0039064

UBER15_0039072

UBER15_0039087

UBER15_0039318

UBER15_0042817

UBER15_0042826

UBER15_0042833

UBER15_0042841

UBER15_0042849

UBER15_0042892

UBER15_0042902

UBER15_0042915

UBER15_0042921

UBER15_0042933

UBER15_0042949

UBER15_0042964

UBER15_0042975

1  UBER15_0042985

2  UBER15_0042995

3  UBER15_0043000

4  UBER15_0043006

5  UBER15_0043015

6  UBER15_0039739

7  UBER15_0039751

8  UBER15_0039764

9  UBER15_0039430

10  UBER15_0039441

11  UBER15_0039452

12  UBER15_0043028

13  UBER15_0043032

14  UBER15_0043034

15  UBER15_0039732

16  UBER-GJ-0002278

17  UBER-DATA-00067019

18  UBER-DATA-00067025

19  UBER15_0043049

20  UBER15_0043054

21  UBER15_0043058

22  UBER15_0043064

23  UBER-DATA-00067080

24  UBER-DATA-00067181

25  UBER-DATA-00073326

UBER-DATA-00073328

UBER-DATA-00067201

UBER-DATA-00067204

UBER-DATA-00067206

UBER-DATA-00067208

UBER-DATA-00067210

UBER-DATA-00067212

UBER-DATA-00067214

UBER-DATA-00073330

UBER-DATA-00073333

UBER15_0043250

UBER15_0043253

UBER-GJ-0002294

UBER-DATA-00067421

UBER-DATA-00073603

UBER15_0049338

UBER-DATA-00073146

UBER-DATA-00073154

UBER-DATA-00073162

UBER-DATA-00073169

UBER-DATA-00073176

UBER-DATA-00073184

UBER-DATA-00073190

UBER-DATA-00073205

UBER-DATA-00073238

UBER-DATA-00073251

UBER-DATA-00073254

UBER-DATA-00073266

UBER-DATA-00073277

UBER-DATA-00073287

UBER15_0044345

UBER15_0044351

UBER15_0044367

UBER15_0044396

UBER15_0044419

UBER15_0044426

UBER15_0044455

UBER-DATA-00068398

UBER-DATA-00068403

UBER-DATA-00068406

UBER-DATA-00068409

UBER-DATA-00068413

UBER-DATA-00068505

UBER15_0044822

UBER15_0044842

UBER15_0039847

UBER15_0044884

UBER15_0036322

UBER15_0036377

UBER15_0039823

UBER15_0044966

UBER15_0044986

UBER15_0045035

UBER15_0045055

UBER15_0039873

UBER15_0045169

UBER15_0045189

UBER15_0039912

UBER-GJ-0002300

UBER-GJ-0002303

UBER15_0046113

UBER15_0046116

UBER15_0049426

UBER-DATA-00072690

UBER15_0046128

UBER15_0046511

UBER15_0046529

UBER15_0046579

UBER15_0046629

UBER15_0046679

UBER15_0046697

UBER15_0046747

UBER15_0046848

UBER15_0046868

UBER15_0046902

[PROPOSED] ORDER

UBER15_0046922

UBER15_0046964

UBER15_0046999

UBER15_0047019

UBER15_0047061

UBER15_0047096

UBER15_0047116

UBER15_0047163

UBER15_0047211

UBER15_0047226

UBER15_0047261

UBER15_0047276

UBER15_0047339

UBER15_0047374

UBER15_0047434

UBER15_0040375

UBER15_0047469

UBER15_0047504

UBER15_0047554

UBER15_0047588

UBER15_0040386

UBER15_0047638

UBER15_0047698

UBER15_0047752

UBER15_0040397

UBER15_0047787

UBER15_0047837

UBER15_0047865

UBER15_0047900

UBER15_0048032

UBER15_0048067

UBER15_0048117

UBER15_0048137

UBER15_0048197

UBER15_0048204

UBER15_0048254

UBER15_0048261

UBER15_0048314

UBER15_0048332

UBER15_0048402

UBER15_0040440

UBER15_0048489

UBER15_0048539

UBER15_0048561

UBER15_0048611

UBER15_0048631

UBER-DATA-00071796

UBER15_0048668

UBER15_0048688

UBER15_0040446

UBER15_0048737

UBER-GJ-0002353

UBER-DATA-00073680

UBER15_0049560

UBER15_0049563

UBER15_0049565

UBER-DATA-00072826

UBER-DATA-00072828

UBER15_0049551

UBER-DATA-00073378

UBER-DATA-00073380

UBER-DATA-00073382

UBER-DATA-00073384

UBER-DATA-00073386

UBER-DATA-00073388

UBER-DATA-00073095

UBER-DATA-00073116

UBER-DATA-00073118

UBER-DISC-0050463

UBER-DISC-0050472

UBER-DISC-0050536

UBER-DISC-0050543

UBER-DISC-0050613

UBER-DISC-0050616

UBER-DISC-0050619

UBER-DISC-0050623

UBER-DISC-0051263

UBER-DISC-0051267

## **Attachment B**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], am a potential trial witness or counsel to a potential witness in the case

of *United States v. Joseph Sullivan*, 3:20-cr-00337-WHO (N.D. Cal.).  I understand that, in my

capacity as a potential trial witness or counsel to a potential witness, I may be presented with

documents containing privileged and confidential material, including information protected by the

attorney-client privilege and / or attorney work product doctrine, belonging to Uber Technologies,

Inc. ("Uber"), which may be used at trial (the "Trial Documents").  A list of these documents is

provided with this Acknowledgement and Agreement to Be Bound.

I agree that unless otherwise specifically authorized by the Court or Uber, I will review the

Trial Documents only in the presence of counsel for Defendant or counsel for the United States,

and I shall not keep or otherwise maintain Trial Documents or copies thereof.  I agree not to

disclose or otherwise convey the contents of the Trial Documents, or any privileged information

related to the Trial Documents, to any third party (*i.e.*, any person other than my counsel, counsel

for Uber, counsel for Defendant, or counsel for the United States).

I agree that, unless otherwise specifically authorized by the Court, I may not answer

questions about or otherwise discuss, either prior to trial or at trial, any attorney opinion work

product or otherwise privileged or protected content not specifically set forth on the face of a Trial

Document, except that I may discuss with counsel for Defendant or the United States the

authenticity of the Trial Documents, the fact of any statements reflected in the Trial Documents,

and the effect such statements had on others (the "Examination Topics").

I agree to comply with and to be bound by all the terms of any applicable protective order

currently entered in this case, and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to a protective order in this case

to any person or entity except in strict compliance with the provisions of the protective order.  I

further agree to submit to the jurisdiction of the United States District Court for the Northern

District of California for the purpose of enforcing the terms of any current protective order entered

in this case, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of a protective order in this case.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____