DAVID H. ANGELI (admitted *pro hac vice*)
TYLER P. FRANCIS (admitted *pro hac vice*)
MICHELLE H. KERIN (admitted *pro hac vice*)
URSULA LALOVIĆ (Cal. Bar No. 215551)
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232 │ Facsimile: (503) 227-0880
Email: david@angelilaw.com; ed@angelilaw.com; tyler@angelilaw.com;
        michelle@angelilaw.com

JOHN D. CLINE (Cal. Bar No. 237759)
600 Stewart Street, Suite 400
Seattle, WA 98101
Telephone: (360) 320-6435
Email: cline@johndclinelaw.com

*Attorneys for Defendant Joseph Sullivan*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH SULLIVAN,<br><br>Defendant. | Case No. 3:20-cr-00337-WHO<br><br>[PROPOSED] SECOND ORDER REGARDING UBER'S MOTION TO QUASH RULE 17(C) SUBPOENA |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**[PROPOSED]~~ ORDER**

WHEREAS:

1.  On September 17, 2021, at Defendant's request, the Court issued a Subpoena to Third Party Uber Technologies, Inc. ("Uber"), pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure.

2.  On December 16, 2021, Uber moved to quash the subpoena (ECF No. 68) under *United States v. Nixon*, 418 U.S. 683 (1974), as well as on grounds that the documents are protected by the attorney-client privilege and/or attorney work product doctrine.

3.  The Court, having considered Uber's Motion to Quash and Uber's and Defendant's submissions and arguments relating thereto, tentatively indicated in a hearing held on February 10, 2022, and without ruling on the privilege issues raised in the parties' filings, that at least some of the documents sought by Defendant may be relevant to his potential defenses and identified with the requisite specificity.  The Court further tentatively indicated that Uber was "entitled to try to preserve [its claims of attorney-client privilege and work product protection over the subpoenaed documents] unless the Fifth Amendment rights of [Defendant] . . . demand the[ir] disclosure."  The Court indicated that it was "contemplating" a procedure in which documents related to one or more of the five subject areas set forth at page 9 of Defendant's Opposition to Uber's Motion to Quash Rule 17(c) Subpoena (ECF No. 75) ("Defendant's Relevance Categories") would be "disclosed [to Defendant] in a protected way" that would "protect Uber" and its claims of attorney-client privilege and work product protection.

4.  On April 26, 2022, the Court issued an order (ECF No. 111) directing Uber to identify which of the documents requested by Defendant's subpoena contained redacted or withheld material that relates to one or more of Defendant's Relevance Categories and

provide to Defendant unredacted copies of those documents or copies of those documents without redactions over the material related to one or more of Defendant's Relevance Categories (the "Privileged Information"). These documents were provided to Defendant on April 28, 2022, with a subsequent submission of additional materials on May 31, 2022, following conferral by the parties. These submissions by Uber to Defendant were made pursuant to Federal Rule of Evidence 502(d), as stated in the Court's April 26, 2022 Order.

5. Pursuant to the Court's April 26, 2022 Order, Defendant has reviewed the Privileged Information and has provided Uber with notice of which of these documents Defendant intends to use at trial (the "Proposed Trial Documents"). These documents are listed (by Bates number) in Attachment A to this Order.

6. Uber continues to object to production of the documents listed in the subpoena and maintains its assertions of attorney-client privilege and work product protection as to all materials sought in the subpoena, including the Proposed Trial Documents. Uber also maintains its objection that the subpoena fails to satisfy in full the three-part test of relevancy, specificity, and admissibility, as articulated in *Nixon*, notwithstanding the Court's tentative indication that at least some of the requested documents appeared to be relevant and identified with the requisite specificity. Moreover, Uber objects to the use of these documents at trial and to any ruling that Defendant's constitutional rights override Uber's attorney-client privilege and/or work product protection, or entitle him to any other privileged information that may be relevant to Defendant's defenses. Nevertheless, Uber and Defendant are not requesting leave of the Court for additional briefing on these issues at this time, given that these issues were fully briefed in connection with Uber's Motion to Quash (ECF No. 68).

Therefore, the Court hereby ORDERS as follows:

As to the Proposed Trial Documents, notwithstanding Uber's assertion of the attorney-client privilege and / or attorney work product protection over these materials, Defendant has established a "demonstrated, specific need" for the disclosure of the Proposed Trial Documents in his criminal trial, arising from the specific facts and circumstances of the pending charges against Defendant and his anticipated defenses. *United States v. Nixon*, 418 U.S. 683, 713 (1974). As a result, and under these unique and limited circumstances, Uber's right to protect the Proposed Trial Documents from disclosure in this proceeding on grounds of attorney-client privilege and / or attorney work product protection may yield to Defendant's Sixth Amendment right to present evidence in this proceeding. *See United States v. W.R. Grace*, 439 F. Supp. 2d 1125, 1142 (D. Mont. 2006); *United States v. Mix*, No. CRIM.A. 12-171, 2012 WL 2420016 (E.D. La. June 26, 2012). This ruling shall have no effect on Uber's claims of attorney-client privilege and / or attorney work product protection, in this proceeding or any other proceeding, and as set forth below, any disclosure of the Privileged Information pursuant to this Order shall not constitute a waiver of any such privileges or protections. Subject to these protections for Uber's claims of attorney-client privilege and attorney work product, the Court, therefore, orders that Defendant may seek to use these materials at trial, and the Proposed Trial Documents are, therefore, deemed to be "Trial Documents" as that term is defined by the Court's April 26, 2022 Order.

It is FURTHER ORDERED that no privilege or other protection has been or shall be waived by Uber's participation in the meet-and-confer sessions that have occurred to date as requested by the Court on February 10, 2022, or that will occur at any subsequent time under this Order, between or among Defendant, Uber, or the United States. In addition, pursuant to Federal Rule of Evidence 502(d), no privilege or other protection has been or shall be waived by Uber's

[PROPOSED] ORDER
3:20-cr-00337-WHO

disclosure of the Privileged Information to Defendant, and such disclosure shall not operate as a waiver in any other proceeding.

Defendant shall promptly provide counsel for the United States with copies of the Trial Documents.  The Court's ruling shall not preclude the United States from opposing the use of any Trial Document at trial or in any other proceeding, including on grounds that a Trial Document is irrelevant or inadmissible.

Neither the United States nor Defendant shall use any Trial Documents outside of this proceeding without Uber's express written permission or further Order of this Court.  In particular, the United States is precluded from making direct or derivative use of any Trial Document in connection with any investigation or litigation against or involving Uber.

The Privileged Information may be used by Defendant only for the specific purpose of preparing or presenting a defense in this matter, unless specifically authorized by the Court.  This Order covers not only the Privileged Information in the Trial Documents, but also any Privileged Information copied, excerpted, or summarized from those documents, and any testimony, conversations, or presentations by counsel that might reveal Privileged Information from those documents.

Neither Defendant nor any member of the defense team or the prosecution team for the United States (i.e., counsel of record, their investigators, assistants, employees, other agents, or otherwise) shall provide, show, disclose or otherwise convey to any third party (i.e., any person who is not a member of the prosecution or defense teams) the contents of any Privileged Information, or make any public disclosure of the same, without further Order of this Court, except that Trial Documents may be shown to or discussed with potential witnesses and counsel for potential witnesses.  Any Trial Documents shown to or discussed with potential witnesses or their counsel must remain at all times in the sole possession of counsel for Defendant or the

United States.  Unless otherwise specifically authorized by the Court or Uber, potential witnesses are permitted to review a Trial Document only in the presence of counsel for Defendant or the United States and shall not keep or otherwise maintain Trial Documents or copies thereof.

Any potential witnesses and any counsel for potential witnesses with whom Trial Documents are discussed or to whom Trial documents are shown must first agree to the confidentiality provisions contained in Attachment B to this Order and agree to be bound by any protective order issued by the Court.  Unless otherwise specifically authorized by the Court, Defendant and the United States may question, prepare, or examine a potential witness, either prior to trial or at trial, about the authenticity of the Trial Documents, the fact of any statements reflected in the Trial Documents, and the effect such statements had on others (the "Examination Topics").  Beyond the Examination Topics, Defendant and the United States shall not be permitted to question, prepare, or examine any potential witness, either prior to trial or at trial, about any attorney opinion work product or otherwise seek to elicit any privileged or otherwise protected content not specifically set forth on the face of a Trial Document.  If Defendant or the United States wishes to question, examine, or prepare a witness about any attorney opinion work product or otherwise privileged or protected content other than the Examination Topics, Defendant or the United States may make a motion to that effect.  Uber may oppose this motion, including on the grounds that any inquiry beyond the Examination Topics would constitute an impermissible violation of Uber's attorney-client privilege and/or the attorney work product doctrine.  Defendant or the United States also may oppose such a motion, including on grounds of relevance or admissibility.  Any pleading or other document that references, contains, or attaches any of the Privileged Information subject to this Order must be filed under seal.

Defendant and the United States shall return to Uber all Trial Documents within 14 days of whichever event occurs last in time: the entry of an Order dismissing all charges against

[PROPOSED] ORDER
3:20-cr-00337-WHO

Defendant; the entry of Judgment following Defendant's acquittal or sentencing; or the issuance of the mandate following any direct appeal.

Nothing in this Order shall be construed as a finding that Uber has waived the attorney-client privilege, attorney work product protection, or any other applicable privilege or protection.

Any disclosure of the Privileged Information pursuant to this Order shall not constitute a waiver of Uber's attorney-client privilege, attorney work product protection, or any other applicable privilege or protection.

Nothing in this Order shall be construed as prohibiting Defendant or Uber from seeking additional protections.

Nothing in this Order shall be argued or construed as creating any law of the case beyond what is specifically and explicitly addressed and ordered herein.

This Court shall retain jurisdiction to modify this Order upon motion of either Defendant or Uber even after the conclusion of district court proceedings in this case.

**IT IS SO ORDERED.**

DATED: June 26, 2022



WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER
3:20-cr-00337-WHO

**Attachment A**

UBER-SULLIVAN-0000001

UBER-SULLIVAN-0000032

UBER-SULLIVAN-0000063

UBER-SULLIVAN-0000094

UBER-SULLIVAN-0000125

UBER-SULLIVAN-0000155

UBER-SULLIVAN-0000186

UBER-SULLIVAN-0000284

UBER-SULLIVAN-0000286

UBER-SULLIVAN-0000299

UBER-SULLIVAN-0000350

UBER-SULLIVAN-0000352

UBER-SULLIVAN-0000356

UBER-SULLIVAN-0000382

UBER-SULLIVAN-0000402

UBER-SULLIVAN-0000422

UBER-SULLIVAN-0000441

UBER-SULLIVAN-0000502

UBER-SULLIVAN-0000512

UBER-SULLIVAN-0000541

UBER-SULLIVAN-0000625

UBER-SULLIVAN-0000820

UBER-SULLIVAN-0000823

UBER-SULLIVAN-0000827

UBER-SULLIVAN-0000835

[PROPOSED] ORDER
3:20-cr-00337-WHO

1   UBER-SULLIVAN-0001038

2   UBER-SULLIVAN-0001290

3   UBER-SULLIVAN-0001291

4   UBER-SULLIVAN-0001305

5   UBER-SULLIVAN-0001306

6   UBER-SULLIVAN-0001339

7   UBER-SULLIVAN-0001370

8   UBER-SULLIVAN-0001616

9   UBER-SULLIVAN-0001636

10   UBER-SULLIVAN-0001670

11   UBER-SULLIVAN-0001689

12   UBER-SULLIVAN-0001709

13   UBER-SULLIVAN-0001743

14   UBER-SULLIVAN-0001763

15   UBER-SULLIVAN-0001797

16   UBER-SULLIVAN-0001817

17   UBER-SULLIVAN-0001870

18   UBER-SULLIVAN-0001890

19   UBER-SULLIVAN-0001924

20   UBER-SULLIVAN-0001944

21   UBER-SULLIVAN-0001978

22   UBER-SULLIVAN-0002013

23   UBER-SULLIVAN-0002033

24   UBER-SULLIVAN-0002067

25   UBER-SULLIVAN-0002102

26

27

28

[PROPOSED] ORDER
3:20-cr-00337-WHO

UBER-SULLIVAN-0002122

UBER-SULLIVAN-0002156

UBER-SULLIVAN-0002198

UBER-SULLIVAN-0002240

UBER-SULLIVAN-0002275

UBER-SULLIVAN-0002310

UBER-SULLIVAN-0002345

UBER-SULLIVAN-0002380

UBER-SULLIVAN-0002414

UBER-SULLIVAN-0002449

UBER-SULLIVAN-0002484

UBER-SULLIVAN-0002519

UBER-SULLIVAN-0002539

UBER-SULLIVAN-0002574

UBER-SULLIVAN-0002609

UBER-SULLIVAN-0002629

UBER-SULLIVAN-0002692

UBER-SULLIVAN-0002712

UBER-SULLIVAN-0002746

UBER-SULLIVAN-0002766

UBER-SULLIVAN-0002828

UBER-SULLIVAN-0002852

UBER-SULLIVAN-0002855

UBER-SULLIVAN-0002857

UBER-SULLIVAN-0002941

[PROPOSED] ORDER
3:20-cr-00337-WHO

UBER-SULLIVAN-0002984

UBER-SULLIVAN-0002985

UBER-SULLIVAN-0002987

UBER-SULLIVAN-0002989

UBER-SULLIVAN-0002991

UBER-SULLIVAN-0003005

UBER-SULLIVAN-0003116

UBER-SULLIVAN-0003118

UBER-SULLIVAN-0003120

UBER-SULLIVAN-0003122

UBER-SULLIVAN-0003124

UBER-SULLIVAN-0003126

UBER-SULLIVAN-0003127

UBER-SULLIVAN-0003128

UBER-SULLIVAN-0003129

UBER-SULLIVAN-0003141

UBER-SULLIVAN-0003153

UBER-SULLIVAN-0003160

UBER-SULLIVAN-0003162

UBER-SULLIVAN-0003164

UBER-SULLIVAN-0003166

UBER-SULLIVAN-0003168

UBER-SULLIVAN-0003169

UBER-SULLIVAN-0003170

UBER-SULLIVAN-0003171

[PROPOSED] ORDER
3:20-cr-00337-WHO

**Attachment B**

<u>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

[print or type full address], am a potential trial witness or counsel to a potential witness in the case

of *United States v. Joseph Sullivan*, 3:20-cr-00337-WHO (N.D. Cal.).  I understand that, in my

capacity as a potential trial witness or counsel to a potential witness, I may be presented with

documents containing privileged and confidential material, including information protected by the

attorney-client privilege and / or attorney work product doctrine, belonging to Uber Technologies,

Inc. ("Uber"), which may be used at trial (the "Trial Documents").  A list of these documents is

provided with this Acknowledgement and Agreement to Be Bound.

I agree that unless otherwise specifically authorized by the Court or Uber, I will review the

Trial Documents only in the presence of counsel for Defendant or counsel for the United States,

and I shall not keep or otherwise maintain Trial Documents or copies thereof.  I agree not to

disclose or otherwise convey the contents of the Trial Documents, or any privileged information

related to the Trial Documents, to any third party (*i.e.*, any person other than my counsel, counsel

for Uber, counsel for Defendant, or counsel for the United States).

I agree that, unless otherwise specifically authorized by the Court, I may not answer

questions about or otherwise discuss, either prior to trial or at trial, any attorney opinion work

product or otherwise privileged or protected content not specifically set forth on the face of a Trial

Document, except that I may discuss with counsel for Defendant or the United States the

authenticity of the Trial Documents, the fact of any statements reflected in the Trial Documents,

and the effect such statements had on others (the "Examination Topics").

I agree to comply with and to be bound by all the terms of any applicable protective order

currently entered in this case, and I understand and acknowledge that failure to so comply could

~~[PROPOSED]~~ ORDER
3:20-cr-00337-WHO

expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to a protective order in this case

to any person or entity except in strict compliance with the provisions of the protective order.  I

further agree to submit to the jurisdiction of the United States District Court for the Northern

District of California for the purpose of enforcing the terms of any current protective order entered

in this case, even if such enforcement proceedings occur after termination of this action.

      I  hereby  appoint  _____  [print  or  type  full  name]  of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of a protective order in this case.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____