DAVID H. ANGELI (admitted *pro hac vice*)
TYLER P. FRANCIS (admitted *pro hac vice*)
MICHELLE H. KERIN (admitted *pro hac vice*)
URSULA LALOVIC (Cal. Bar No. 215551)
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232 │ Facsimile: (503) 227-0880
Email: david@angelilaw.com; tyler@angelilaw.com; michelle@angelilaw.com; ursula@angelilaw.com

JOHN D. CLINE (Cal. Bar No. 237759)
600 Stewart Street, Suite 400
Seattle, Washington 98101
Telephone: (360) 320-6435
Email: cline@johndclinelaw.com

*Attorneys for Defendant Joseph Sullivan*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH SULLIVAN,<br><br>Defendant. | Case No. 3:20-cr-00337-WHO<br><br>DEFENDANT JOSEPH SULLIVAN'S TRIAL BRIEF<br><br>Trial Date: September 6, 2022<br>Pretrial Conference Date: August 22, 2022<br>Crtrm: 2, 17th floor<br><br>Hon. William H. Orrick |

DEFENDANT JOSEPH SULLIVAN'S TRIAL BRIEF
3:20-cr-00337-WHO

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

Defendant Joseph Sullivan respectfully submits this trial brief. Many of the issues identified here are more fully set out in Sullivan's motions in limine, proposed jury instructions, and objections to the government's proposed instructions, or elsewhere in the record.

## PROCEDURAL BACKGROUND

The original indictment alleged that Sullivan sought to conceal the 2016 cybersecurity incident at the heart of this case (the "2016 Incident") from the FTC in violation of 18 U.S.C. § 1505[1] (Count 1). (ECF No. 13 ¶¶ 6–7.) It further alleged that the 2016 Incident amounted to a violation of various provisions of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and that Sullivan sought improperly to conceal it from the federal government in violation of 18 U.S.C. § 4[2] (Count 2). (*Id.* ¶¶ 8–9.)

The Superseding Indictment added wire fraud counts (Counts 3 through 5), based on the theory that, with respect to the 2016 Incident, Sullivan violated 18 U.S.C. § 1343 by scheming to defraud persons who drove for Uber. (ECF No. 71 ¶¶ 15–16.) As the Superseding Indictment framed it, the scheme to defraud was two-pronged: Sullivan allegedly defrauded the drivers by making affirmative, material misrepresentations of fact (*see id.* ¶ 10) and also by violating a duty to disclose certain facts about the 2016 Incident that allegedly was imposed on him by California Civil Code § 1798.82 (*see id.* ¶¶ 8–9).

On April 11, 2022, Sullivan moved to dismiss Counts 3 through 5. (ECF No. 107.) On June 28, 2022, the Court denied the motion but held that "the wire fraud cha[r]ges cannot proceed on an omission theory[,]" *i.e.*, on the theory that in failing to disclose the 2016 Incident, Sullivan violated a duty imposed by California Civil Code § 1798.82. (*See generally* ECF No.

---

[1] "Whoever corruptly . . . influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States . . . [s]hall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both." 18 U.S.C. § 1505.

[2] "Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both." 18 U.S.C. § 4.

DEFENDANT JOSEPH SULLIVAN'S TRIAL BRIEF
3:20-cr-00337-WHO

1

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

129 at 1, 11–14.) The government later moved to dismiss the three wire fraud counts in their entirety, and the Court granted the motion on August 2, 2022. (*See* ECF Nos. 133 and 134.) Thus, the matter of Sullivan's purported duties under California's (or any other state's) data breach law is no longer a part of this case.

## KEY LEGAL ISSUES

At trial, the jury will need to determine whether Sullivan violated 18 U.S.C. § 1505 or 18 U.S.C. § 4. The elements of each offense are as follows.

With regard to 18 U.S.C. § 1505, the government must prove: (1) the existence of a proceeding pending before a department or agency of the United States; (2) the defendant's awareness of the pending proceeding; and (3) that the defendant intentionally endeavored corruptly to influence, obstruct or impede the pending proceeding. *United States v. Price*, 951 F.2d 1028, 1031 (9th Cir. 1991). Some circuits have held that § 1505 also requires the government to prove a "nexus" between the obstructive conduct and the relevant proceeding. *See, e.g.*, *United States v. Reich*, 479 F.3d 179, 185–86 (2d Cir. 2007) (citing *United States v. Quattrone*, 441 F.3d 153, 174 (2d Cir. 2006)) (Sotomayor, J.). To establish a nexus, those circuits hold, the government must prove "'a relationship in time, causation, or logic with the judicial proceedings'; in other words, 'the endeavor must have the natural and probable effect of interfering with the due administration of justice.'" *Id.* at 185 (quoting *United States v. Aguilar*, 515 U.S. 593, 599 (1995)). The Ninth Circuit, however, has rejected that contention. *See United States v. Bhagat*, 436 F.3d 1140, 1147-48 (9th Cir. 2006). Sullivan believes the Ninth Circuit's decision in that regard is erroneous and has asserted as much here and in his proposed jury instructions in order to preserve the issue for a potential appeal.

With regard to 18 U.S.C. § 4, the government must prove that: (1) a federal felony was committed (*i.e.*, intentionally accessing a computer without authorization and thereby obtaining information from a protected computer, or conspiracy to extort money through a threat to impair the confidentiality of information obtained from a protected computer without authorization); (2) the defendant had knowledge of the commission of that felony; (3) the defendant had knowledge

DEFENDANT JOSEPH SULLIVAN'S TRIAL BRIEF
3:20-cr-00337-WHO

2

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

that the conduct was a federal felony; (4) the defendant failed to notify a federal authority as soon as possible; and (5) the defendant did an affirmative act to conceal the crime. *United States v. Olson*, 856 F.3d 1216, 1220, 1225 (9th Cir. 2017); *see also* United States Court of Appeals for the Ninth Circuit, Manual of Model Criminal Jury Instructions, Instruction 24.1 ("Misprision of Felony") (2010 ed., updated 2022). Merely failing to report a federal felony is not a crime. *See United States v. Ciambrone*, 750 F.2d 1416, 1418 (9th Cir. 1984) ("'[M]ere silence, without some affirmative act, is insufficient evidence' of the crime of misprision of felony." (quoting *Lancey v. United States*, 356 F.2d 407, 410 (9th Cir. 1966))).

## KEY EVIDENTIARY ISSUES

Sullivan believes that the following will be the most significant evidentiary issues at trial.

First, Sullivan plans to introduce documents memorializing his 2017 interviews with lawyers at WilmerHale, which then was investigating the 2016 Incident on behalf of Uber. Those notes are, in Sullivan's view, among the most important documents in this case: they thoroughly refute the government's theory that Sullivan sought to convince Uber's new management and its counsel that Brandon Glover and Vasile Mereacre (the "hackers") had refrained from actually downloading Uber's data, or that the 2016 Incident was just a run-of-the-mill security incident. (Superseding Indictment (ECF No. 71) at 3-4, ¶ 10.)

Specifically, when WilmerHale's lawyers first asked Sullivan about the incident on August 17, 2017, Sullivan did not hide from the fact that the hackers had downloaded Uber's data. Instead, he made it absolutely clear that the hackers had "downloaded internal Uber data" but that his team was ultimately satisfied that "the stolen data was deleted." Nor did he downplay the potential significance of the incident. He described it as a "pretty scary situation" that he and then-Uber CEO Travis Kalanick had been "very worried" about, to the point that they "would have thrown any necessary resource at the problem." He went on to state that the team had determined that the situation was not a reportable data breach because, as the team had assured him, "no data was out in the wild." And on September 26, 2017—the very day after the government alleges Sullivan tried to convince WilmerHale attorney Randall Lee that the 2016

DEFENDANT JOSEPH SULLIVAN'S TRIAL BRIEF
3:20-cr-00337-WHO

3

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

incident was simply routine—Sullivan very clearly told Lee and others in an interview that the 2016 Incident "was too similar to [Uber's earlier] 2014 data breach." Sullivan further told Lee that Craig Clark, the in-house lawyer Uber assigned to counsel Sullivan's team, had advised (as Clark admits) that the incident would not qualify as a data breach "[i]f you can find the person and make sure they didn't share the data." Sullivan also explained—again, truthfully—that his team had told him that they had "validated that [the hackers'] infrastructure had been taken down" and that the "data had been deleted."

Sullivan has asked the government to stipulate to the admissibility of those documents, which directly rebut the government's allegation that Sullivan failed to disclose important information when asked about the 2016 Incident. The notes—taken in real time by WilmerHale attorneys as questions were being asked and answered, and kept in the ordinary course of the law firm's business—amount to present sense impressions and business records within the meaning of Federal Rules of Evidence 803(1)[3] and 803(6),[4] respectively. In any event, Sullivan will offer the memoranda not for their truth, but rather to show what he disclosed to Uber's lawyers, to rebut the government's allegations of concealment. *See* Fed. R. Evid. 801(c)(2). Alternatively (rather than stipulating to the admissibility of the documents themselves), the defense has proposed that the government stipulate to what Sullivan disclosed to Uber's lawyers during the interviews, the substance of which is not reasonably in dispute. The government has so far resisted both proposals. It is possible, then, that Sullivan will have no choice but to call the

---

[3] *See Cargill, Inc. v. Boag Cold Storage Warehouse, Inc.*, 71 F.3d 545, 555 (6th Cir. 1995) (finding notes admissible as present sense impressions where a witness testified that he took notes of events as they occurred and that there was "little 'likelihood of deliberate or conscious misrepresentation'" (citation omitted)); *Grayson v. Ressler & Ressler*, No. 15 Civ. 8740 (ER), 2018 WL 3611951, at *6 (S.D.N.Y. July 27, 2018) (noting that if a witness took contemporaneous notes, such statements could qualify under the present sense impression exception to the hearsay rule); *United States v. Ferber*, 966 F. Supp. 90, 97 (D. Mass. 1997) (notes describing statements of others were admissible under the present sense impression exception).

[4] *See Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 775 (7th Cir. 2006) ("The district court abused its discretion when it excluded the interviewers' score sheet from Cain's interview and the handwritten notes on that sheet. This document is admissible under the business record exception to the hearsay rule.").

DEFENDANT JOSEPH SULLIVAN'S TRIAL BRIEF
3:20-cr-00337-WHO

4

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

WilmerHale lawyers who prepared the documents in real time—one of whom, Sullivan understands, gave birth this past Saturday—to authenticate them. For obvious reasons, Sullivan would prefer not to do so, nor would such an exercise be a good use of the Court's or the jury's time. The parties and the Court ultimately will need to resolve the issue of the admissibility of those WilmerHale memoranda.

Second, the government has signaled its intent to introduce documents and testimony, of which Sullivan was never aware, concerning three topics: (1) the scope of the FTC's investigation, (2) a person identified as "Individual One" in the hackers' plea agreements, and (3) California's data breach statute, California Civil Code § 1798.82. As Sullivan has explained in his omnibus motions in limine (*see* ECF No. 137 at 17-18) and his objections to the government's proposed exhibits, Federal Rules of Evidence 401-03 generally will warrant the exclusion of that evidence, which, while it may reveal what *others* knew about those topics, has no bearing on *Sullivan*'s intent (or any other matter before the Court). *See, e.g.*, *United States v. Graham*, 981 F.3d 1254, 1262 (11th Cir. 2020) (holding that a third party's "subjective belief that [allegedly fraudulent documents] were or were not genuine" did not make "it any more likely that [the defendant] thought the [documents] were valid" and affirming the exclusion of such evidence under Rules 401-02). While Sullivan does not urge the categorical exclusion of any document of which he was not aware—other categories of documents and testimony may be relevant for other purposes—he anticipates that the government will attempt improperly at trial to prove Sullivan's knowledge concerning the three topics above using materials that Sullivan never saw, and that he may need to raise objections to that evidence in real time.

Third, although the parties have extensively conferred on their respective exhibit lists in order to agree where possible on "any means for shortening and simplifying the trial"—including by entering into stipulations (Criminal Pretrial Order at 2), the parties are at an impasse regarding exactly how evidentiary objections will be resolved before and during trial. The defense has proposed that the parties identify their objections to each other's exhibit lists such that most, if not all, objections can be resolved in advance of trial. Any exhibits that the parties have not

DEFENDANT JOSEPH SULLIVAN'S TRIAL BRIEF
3:20-cr-00337-WHO

5

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

objected to, or where an objection is overruled by the Court, would be deemed "conditionally admitted." Unless otherwise ordered by the Court as to a particular exhibit, conditionally admitted exhibits could be shown to and discussed with any witness by either party or could be directly published to the jury by counsel. Only those conditionally admitted exhibits that are actually discussed with a witness or published to the jury would be received into evidence and go to the jury as part of deliberations.

The government objects to this procedure, taking the position that in the event a good-faith "foundation" objection is raised and sustained to an exhibit, the exhibit would not be admitted into evidence until adequate foundation is established. Although the government has indicated that it has tried to identify exhibits on the defense exhibit list where it sees potential "foundation" concerns, it has stated that it nonetheless wishes to reserve the ability to adapt to unforeseen circumstances because of the difficulty in foreseeing exactly how "foundation" issues will arise in a trial.

The problem with the government's proposed approach is that it fails to articulate precisely what "foundation" objections it purports to be reserving, and under what circumstances. As a technical matter, "lacks foundation" could mean any one of a half dozen different objections. Given that both sides have submitted a detailed list of objections (with numerous pages of supporting arguments) to each other's exhibit lists, the defense remains confused as to which objections the government is purportedly "reserving" but not yet articulating.

Thus, it is unclear whether the government is simply reserving the right to object under FRE 602 that a witness lacks personal knowledge, or whether (regardless of what is resolved at the pretrial conference) the government instead seeks to reserve the right to make hearsay, authenticity, and relevance objections as well. It is also unclear whether this reservation applies only to specific exhibits, or to all exhibits (including the government's own exhibits and joint exhibits).

DEFENDANT JOSEPH SULLIVAN'S TRIAL BRIEF
3:20-cr-00337-WHO

6

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

Consistent with the Court's Pretrial Order, the defense urges the Court to adopt the process proposed above, pursuant to which those documents for which there are no specifically articulated foundational objections are conditionally admitted and treated as proposed above.

DATED: August 15, 2022.

                                      *s/David H. Angeli*
                                      David H. Angeli
                                      Tyler P. Francis
                                      Michelle H. Kerin
                                      Ursula Lalovic
                                      John D. Cline

                                      *Attorneys for Defendant Joseph Sullivan*

DEFENDANT JOSEPH SULLIVAN'S TRIAL BRIEF
3:20-cr-00337-WHO
7

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880