STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ANDREW F. DAWSON (CABN 264421)
BENJAMIN KINGSLEY (CABN 314192)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7019
    FAX: (415) 436-7234
    andrew.dawson@usdoj.gov
    benjamin.kingsley@usdoj.gov

Attorneys for United States of America

DAVID H. ANGELI (admitted pro hac vice)
TYLER P. FRANCIS (admitted pro hac vice)
MICHELLE H. KERIN (admitted pro hac vice)
URSULA LALOVIĆ (CABN 215551)
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880
Email:  david@angelilaw.com;
        tyler@angelilaw.com;
        michelle@angelilaw.com;
        ursula@angelilaw.com;

JOHN D. CLINE (CABN 237759)
600 Stewart Street, Suite 400
Seattle, WA 98101
Telephone: (360) 320-6435
Email: cline@johndclinelaw.com

Attorneys for Defendant Joseph Sullivan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 20-337 WHO |
| Plaintiff, | PARTIES' SUPPLEMENTAL JOINT PROPOSED JURY INSTRUCTION RE PRIVILEGE |
| v. | Trial Date:      September 6, 2022 |
| JOSEPH SULLIVAN, | Court:          Hon. William H. Orrick |
| Defendant. | |

1    The parties expect that this trial will involve instances in which information is withheld from the

2    jury because of Uber's attorney-client and work product privileges.  This will arise in the form of

3    redacted documents, documents withheld entirely, and, potentially, witness testimony that is excluded

4    for privilege.  To explain this situation to the jury, and caution the jurors against reading anything into it,

5    the parties proposed the attached additional jury instruction regarding attorney-client and work product

6    privilege.  The parties propose the instruction be given during the course of the trial when the issue first

7    arises, likely at the first appearance of redacted documents, and again at the conclusion of the trial.

8
     DATED:  September 5, 2022                    Respectfully submitted,
9
                                                 STEPHANIE M. HINDS
10                                               United States Attorney

11                                                /s/
12                                               ANDREW F. DAWSON
                                                 BENJAMIN KINGSLEY
13                                               Assistant United States Attorneys

14

15                                                /s/
16                                               DAVID ANGELI
17                                               Counsel for Defendant JOSEPH SULLIVAN

18

19

20

21

22

23

24

25

26

27

28

1

2

<u>JOINT PROPOSED INSTRUCTION</u>

ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES

3       In order to encourage and support the confidential relationship between attorneys and their

4 clients, the law protects from disclosure particular types of confidential communications between

5 attorneys and their clients.  That is what you may have heard called the "attorney-client privilege."  The

6 law also sometimes protects from disclosure work done by attorneys on behalf of their clients, which is

7 known as the "attorney work product privilege."  In both instances, protected information is often

8 referred to as "privileged."  Under the law, both individuals and corporations, such as Uber

9 Technologies, are entitled to such protections.

10       During the course of this trial, you will see certain documents admitted into evidence that have

11 been redacted to protect Uber Technologies' privileged information.  You may also hear or see evidence

12 of other documents that were withheld in their entirety to protect Uber Technologies' privileged

13 information.  Further, the testimony of certain witnesses may be limited to protect Uber Technologies'

14 privileged information.

15       The existence of such privileged or protected information and the assertion of such privileges

16 and protections by Uber Technologies is not relevant to your consideration of the charges against the

17 defendant.  Do not speculate about the contents of any information that has been redacted, withheld, or

18 limited.

19

20

21

22

23

24

25

26

27

28