DAVID H. ANGELI (admitted *pro hac vice*)
TYLER P. FRANCIS (admitted *pro hac vice*)
MICHELLE H. KERIN (admitted *pro hac vice*)
URSULA LALOVIC (Cal. Bar No. 215551)
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232 │ Facsimile: (503) 227-0880
Email: david@angelilaw.com; tyler@angelilaw.com; michelle@angelilaw.com;
       ursula@angelilaw.com

JOHN D. CLINE (Cal. Bar No. 237759)
600 Stewart Street, Suite 400
Seattle, Washington 98101
Telephone: (360) 320-6435
Email: cline@johndclinelaw.com

*Attorneys for Defendant Joseph Sullivan*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH SULLIVAN,<br><br>Defendant. | Case No. 3:20-cr-00337-WHO<br><br>DEFENDANT JOSEPH SULLIVAN'S RESPONSE TO GOVERNMENT'S OFFER OF PROOF AND MOTION TO COMPEL<br><br>Trial Date: September 6, 2022<br>Pretrial Conference Date: August 22, 2022<br>Crtrm: 2, 17th floor<br><br>Hon. William H. Orrick |

DEFENDANT JOSEPH SULLIVAN'S RESPONSE TO GOVERNMENT'S OFFER OF PROOF AND MOTION TO COMPEL
3:20-cr-00337-WHO

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

Defendant Joseph Sullivan respectfully submits the following response to the government's request ("Mot.") for an order (1) conditionally admitting evidence of the hackers' other criminal conduct, (2) permitting the government to elicit testimony about the role of "Individual One," and (3) requiring Uber to produce certain additional materials protected by the attorney-client privilege and the attorney work-product doctrine. The government's third request in particular amounts to a motion to reconsider the Court's prior order rejecting similar government arguments (ECF No. 110 at 1-2), but without satisfying the stringent standard for such motions in Civil L.R. 7-9. *See, e.g.*, *United States v. Rosas-Ramirez*, No. 18-CR-00053-LHK-1, 2019 WL 1518162, at *1 (N.D. Cal. Apr. 8, 2019) (Civil L.R. 7-9 applicable to criminal actions through Crim. L.R. 2-1). The government's failure to comply with Civil L.R. 7-9 is reason enough to deny its request. As we discuss below, the request fails on the merits as well.

**RESPONSE**

**I.     Evidence Regarding Hacks on Other Companies**

The government again seeks to offer evidence of the other alleged criminal activity of the hackers. Following Sullivan's motion in limine on this issue (ECF No. 137 at 17–18), the Court issued an order explaining that the "critical question is whether *Sullivan* knew about the hackers' other alleged criminal activity during the 2016 incident at Uber." (ECF No. 165 at 9 (emphasis in original).) The government has put forward an offer of proof describing several pieces of evidence that it claims Sullivan was aware of, including: the extensive email correspondence between the hackers and Uber, including the drafting history of these emails (Trial Exs. 152 and 179); a series of chat messages between Uber employees Mat Henley and Rob Fletcher (Trial Ex. 658); an email sent by Henley to the hackers in January 2017 after successfully tracking down their true identities (Trial Ex. 494); information provided by Sullivan during his interviews with Uber outside counsel WilmerHale; and a memorandum prepared by Uber employee Ed Russo (Trial Ex. 197).

To the extent the government is seeking the admission of these documents, with one

DEFENDANT JOSEPH SULLIVAN'S RESPONSE TO GOVERNMENT'S
OFFER OF PROOF AND MOTION TO COMPEL
3:20-cr-00337-WHO

1

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

exception the defense does not object.[1] To the extent the government seeks to use the existence of these exhibits to fling open the door to any and all testimony about other criminal conduct by the hackers, the defense maintains its objection. At most, the exhibits discussed by the government reveal only that the hackers were in contact with other companies, that some Uber employees were aware of which companies the hackers were in contact with, and possibly that Henley was aware of some of the tactics that the hackers were employing against those other companies. The government engages in attenuated (and premature) speculation before a single witness has taken the stand—surmising, for example, that because Sullivan was aware that Henley sent an email to the hackers, it necessarily means that Sullivan was aware of the email's contents (as opposed to having had the email's existence and objective described to him second-hand). This is simply not sufficient to enable the government to go further and, for example, ask the hackers themselves to detail the full scope of their other activities beyond what was even arguably known to Sullivan.

## II.   Questioning the Hackers Regarding "Individual One"

Second, the government seeks another bite at the apple in an attempt to elicit evidence about the (limited) role played by a third hacker, known as "Individual One." The Court has already explained its preliminary framework regarding how this issue will be addressed: "If the argument is that Sullivan in fact secured the data, then Individual One's involvement would be relevant, as it would tend to make that consequential fact more or less probable. *See* Fed. R. Evid. 401. But if the argument is that Sullivan *thought* that he secured the data, then it is hard to see how evidence of an undisclosed third hacker is probative of that state of mind. This issue will be decided in the context of the evidence at trial." (ECF No. 165 at 10 (emphasis in original).)

The defense maintains that it intends only to argue that Sullivan and his team *believed* in

---

[1] The one exception is Trial Exhibit 658, a series of chat messages containing the reactions of *other* Uber employees to certain emails sent by the hackers during the course of Uber's response to the 2016 Incident. The defense objected to these exhibits at the pretrial conference (ECF No. 148 at 12) and maintains its objection to these transcripts unless and until the government elicits evidence that these reactions were shared with Sullivan.

DEFENDANT JOSEPH SULLIVAN'S RESPONSE TO GOVERNMENT'S
OFFER OF PROOF AND MOTION TO COMPEL
3:20-cr-00337-WHO
2

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

1  good faith that the data had been secured. The government, however, raises a new issue, arguing
2  that their questioning of the hackers "will inevitably involve reference to 'Individual One.'"
3        The government's dilemma is not as dire as it fears. As the parties are all aware,
4  Individual One's only role in the hack was to point out where certain data was stored on Uber's
5  system after the testifying hackers were able to gain access. Thus, the government need only ask
6  the hackers about what *they* did to gain access to Uber's systems. It can then ask the hackers
7  whether, after gaining access to Uber's systems, they came to learn that the systems they hacked
8  into contained unencrypted user data. So long as the government refrains from asking the
9  hackers *how* they came to learn this fact (and prepare their witnesses accordingly), the hackers
10 can fully and truthfully explain their role in the 2016 Incident without risking the admission of
11 inadmissible evidence.

12 **III.   The Government's Motion to Obtain Privileged Materials**

13       Finally, the government seeks an order directing Uber to produce certain privileged
14 materials concerning its interviews of various individuals in late 2017. The defense did not select
15 the materials at issue for use at trial; the government has copies of all materials the defense *did*
16 select. Uber has filed an opposition to the government's effort to breach its privileges. The
17 defense similarly opposes the government's request. We incorporate the arguments we made the
18 first time the government sought access to Uber privileged materials that the defense reviewed
19 but did not select for use at trial. (*See* ECF No. 105.) We also offer the following additional
20 points.
21       First, the government acknowledges that the defense will not use the privileged
22 documents themselves at trial. It speculates, however, that the documents might nevertheless
23 have "informed" Sullivan's trial strategy in some unspecified way. But this makes little sense.
24 The documents, the government says paradoxically, are important enough to Sullivan that he has
25 somehow incorporated them into his trial strategy but, at the same time, not important enough for
26 him to want to present them to the jury. The government's brief does not attempt to explain how
27 or why that might be.

DEFENDANT JOSEPH SULLIVAN'S RESPONSE TO GOVERNMENT'S OFFER OF PROOF AND MOTION TO COMPEL
3:20-cr-00337-WHO

3

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

At bottom, the government seeks materials concerning Uber's other interviews not because *Sullivan* will use them (he will not), but rather because *the government itself* wants to use them. But as discussed below, the government's mere desire to use a third party's privileged materials at trial does not suffice to overcome the privilege.

Second, the government's argument that it needs the materials to avoid a "cherry-picked" presentation of the evidence reflects nothing more than the reality of the Fifth and Sixth Amendments. Those Amendments confer important rights on Sullivan, and it was based on those rights that the Court determined that Uber's assertions of the attorney-client privilege and the attorney work-product doctrine must yield. The government, however, has no equivalent rights. As the Court has already observed, "the inherent tension is between the constitutional rights guaranteed to Sullivan as a criminal defendant and the attorney-client privilege or work-product protections afforded to Uber. *The government's rights are not implicated in that way*." (ECF No. 110 at 2 (emphasis added).) *See also United States v. W.R. Grace*, 439 F. Supp. 2d 1125, 1145 (D. Mont. 2006) (even where a company "assert[s] its legitimate interest in protecting its privileged communications unconditionally and in good faith," the law in certain circumstances "requires that the privilege yield where its invocation is incompatible with a *criminal defendant's* Sixth Amendment rights" (emphasis added)). Because Sullivan's right to Uber's privileged materials turns only on their "exculpatory value" to him, *id.* at 1142, the government has no parallel legal interest to which Uber's assertions of privilege conceivably must yield. The government cites no authority, for example, suggesting that the attorney-client privilege or the attorney work-product doctrine must yield when the government seeks what it believes to be especially *in*culpatory information.

Thus, there is nothing remarkable about the fact that Sullivan, but not the government, has been permitted to select privileged materials for use at trial. And, tellingly, the government's brief cites no authority in support of its position that "fairness" somehow entitles it to probe Uber's privileged materials in the same way that the Fifth and Sixth Amendments so entitle Sullivan. Nor does any likely exist. The government's assertions that the materials are likely to

DEFENDANT JOSEPH SULLIVAN'S RESPONSE TO GOVERNMENT'S OFFER OF PROOF AND MOTION TO COMPEL
3:20-cr-00337-WHO
4

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

be "importan[t]" or "central" to "the story" it plans to tell the jury are plainly insufficient to defeat Uber's privilege. *See*, *e.g.*, *Golden Trade, S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 522 (S.D.N.Y. 1992) ("The importance of [the attorney-client privilege] is underscored by the fact that this privilege, unlike most others, is absolute in the sense that it cannot be overcome merely by a showing that the information would be extremely helpful to the party seeking disclosure.").

Third, the government's "fairness" argument (Mot. at 7-9) is no more persuasive now than when the government first made it in April (ECF No. 104 at 3). As the defense explained then (ECF No. 105 at 4-5), "[t]he government has at its disposal a wide selection of tools for gathering evidence to prosecute criminal defendants," *United States v. Castillo-Basa*, 483 F.3d 890, 903 (9th Cir. 2007). This case exemplifies the power of those tools. The government used grand jury subpoenas to compel production of a wide range of documents and testimony. It struck plea agreements with the hackers promising them the possibility of reduced sentences in return for their cooperation against Sullivan. It obtained what it has characterized as "Uber's full cooperation with the government investigation of this matter, including the ongoing criminal case against Uber's former chief security officer[,]" as memorialized in a recently-finalized non-prosecution agreement.[2] With these (and more) one-sided advantages, it is odd indeed for the government to complain that the supposed benefit defense counsel obtained from reviewing privileged materials that they will not use at trial justifies breaching Uber's attorney-client privilege and attorney work-product protection.

* * *

For all of those reasons, Sullivan respectfully requests that the Court (1) preclude the government at this time from offering evidence regarding the hackers' other wrongful conduct apart from the above-noted exhibits, (2) preclude the government from eliciting testimony regarding Individual One unless and until the defense opens the door on the issue of whether

---

[2] The United States Attorney's Office for the Northern District of California, "Uber Enters Non-Prosecution Agreement Related to 2016 Data Breach" (July 22, 2022), available at https://www.justice.gov/usao-ndca/pr/uber-enters-non-prosecution-agreement (last accessed on September 5, 2022).

DEFENDANT JOSEPH SULLIVAN'S RESPONSE TO GOVERNMENT'S OFFER OF PROOF AND MOTION TO COMPEL
3:20-cr-00337-WHO

5

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

1  Sullivan's team *in fact* secured the data, and (3) deny the government's request for an order

2  requiring Uber to produce privileged materials that Sullivan has not selected for use at trial.

4  DATED: September 5, 2022.

        *s/David H. Angeli*
        David H. Angeli
        Tyler P. Francis
        Michelle H. Kerin
        Ursula Lalovic
        John D. Cline

        *Attorneys for Defendant Joseph Sullivan*

DEFENDANT JOSEPH SULLIVAN'S RESPONSE TO GOVERNMENT'S OFFER OF PROOF AND MOTION TO COMPEL
3:20-cr-00337-WHO

6

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880