W. DOUGLAS SPRAGUE (Cal. Bar No. 202121)
DAVID GRADY JUNG (Cal. Bar No. 314508)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6000
dsprague@cov.com
gjung@cov.com

STEVEN E. FAGELL (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001-4956
Telephone: (202) 662-6000
sfagell@cov.com

*Attorneys for Uber Technologies, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:20-cr-00337-WHO |
| Plaintiff, | **ORDER** |
| v. | |
| JOSEPH SULLIVAN, | |
| Defendant. | |

**ORDER**

WHEREAS:

1.      On August 22, 2022, the United States of America, Defendant Joseph Sullivan, and third party Uber Technologies, Inc. ("Uber") came before the Court for a pretrial conference in the above-captioned case.

2.      At the pretrial conference, the parties addressed the question of how to handle potential attorney-client privilege and attorney work product issues that may arise during trial, including how to afford counsel for Uber the opportunity to object in the event a witness's testimony could disclose information protected by the attorney-client privilege and/or attorney work product doctrine beyond the "Examination Topics" this Court has previously authorized (ECF Nos. 111, 127, 130, 131).  Uber has vigorously sought to protect its attorney-client privilege and attorney work product throughout this matter, and Uber continues to object to the disclosure of any information protected by the attorney-client privilege and/or attorney work product doctrine.  Counsel for Uber proposed a procedure by which it may protect its privileges at trial; neither counsel for the United States nor counsel for Defendant objected.

3.      After the pretrial conference, counsel for Uber provided a copy of this Proposed Order to counsel for the government and counsel for Defendant.  Counsel for the government does not object to this Proposed Order.  Subject to the on-the-record discussion the parties had with the Court during the hearing on September 6, 2022, counsel for Defendant also does not object to this Proposed Order.

The Court hereby ORDERS as follows:

The Court recognizes Uber's standing objection to the use or admission at trial of the Privileged Information contained in the Trial Documents.[1]  The Court further recognizes Uber's standing objection to any testimony regarding the Privileged Information.  In the interest of expediency and minimizing disruption to the proceedings, and in light of this Court's previous orders, Uber shall not be required to object on the record during trial to preserve its objections with respect to the Privileged Information and any testimony regarding the Privileged Information.

It is FURTHER ORDERED that, pursuant to Federal Rule of Evidence 502(d), no privilege or other protection shall be waived at trial by the use or admission of the Privileged Information contained in the Trial Documents or any testimony regarding the Privileged Information, and such use, admission, or testimony shall not operate as a waiver in any other proceeding.

It is FURTHER ORDERED that counsel for Uber shall be permitted to sit in the front row in the courtroom during trial and, in the event counsel for Uber believes a witness's testimony may disclose information protected by the attorney-client privilege and/or work product doctrine beyond the "Examination Topics" authorized by this Court's previous orders (ECF Nos. 111, 127, 130, 131), counsel for Uber shall be permitted to stand and state an objection.  Uber's counsel's failure to do so, however, shall not constitute a waiver of any of Uber's applicable privileges or other protections, in this or any other proceeding.

The Court encourages counsel for all parties to be cognizant of the privilege issues in this case and to communicate with counsel for Uber as to any anticipated testimony that may elicit information that Uber asserts is protected by the attorney-client privilege and/or attorney work product doctrine, so that such issues may be addressed in advance of any such testimony.

---

[1] "Privileged Information" and "Trial Documents" have the meaning set forth in this Court's previous orders on Uber's motions to quash.  *See* ECF Nos. 111, 127, 130, 131.

1   **IT IS SO ORDERED.**

2   DATED: September 8, 2022.

3

4   _____
    WILLIAM H. ORRICK

5   UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25