DAVID H. ANGELI (admitted *pro hac vice*)
TYLER P. FRANCIS (admitted *pro hac vice*)
MICHELLE H. KERIN (admitted *pro hac vice*)
URSULA LALOVIĆ (Cal. Bar No. 215551)
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232 │ Facsimile: (503) 227-0880
Email: david@angelilaw.com; tyler@angelilaw.com; michelle@angelilaw.com;
        ursula@angelilaw.com

JOHN D. CLINE (Cal. Bar No. 237759)
600 Stewart Street, Suite 400
Seattle, WA 98101
Telephone: (360) 320-6435
Email: cline@johndclinelaw.com

*Attorneys for Defendant Joseph Sullivan*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH SULLIVAN,<br><br>Defendant. | Case No. 3:20-cr-00337-WHO<br><br>DEFENDANT JOSEPH SULLIVAN'S MEMORANDUM CONCERNING 18 U.S.C. §§ 1505 AND 2(b)<br><br>Date: September 20, 2022<br>Time: 8:00 a.m.<br>Crtrm: 2, 17th floor<br><br>Hon. William H. Orrick |

DEF'S MEMORANDUM RE 18 U.S.C. §§ 1505 AND 2(b)
3:20-cr-00337-WHO

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

As the Court requested, we address the interplay between 18 U.S.C. § 1505 and 18 U.S.C. § 2(b) in the context of this case. Having reviewed the cases, we now agree that the government can proceed against Sullivan under 18 U.S.C. § 1505 for his own acts or, in conjunction with 18 U.S.C. § 2(b), for willfully causing Uber's acts, or under both theories in the alternative. But each theory requires proof of certain facts. As we discuss below, the first theory, to the extent it rests on Sullivan's omissions, requires proof that Sullivan had a duty to disclose the 2016 incident to the FTC. The second theory requires proof that Sullivan "willfully" caused Uber to breach its disclosure duty to the FTC. The government cannot blend these distinct theories to avoid proving either a duty to disclose or willfulness.

## ARGUMENT

The government's first obstruction theory—that Sullivan violated § 1505 through his own acts—rests primarily on *omissions*. In particular, the government contends that Sullivan endeavored to obstruct the FTC investigation by failing to call the 2016 incident to the attention of the Uber lawyers responsible for submissions to the FTC. Although the government has alleged that Sullivan committed certain affirmative acts—principally approval of the NDA presented to the hackers, the payment to the hackers, and the September 20, 2017 email to Uber CEO Dara Khosrowshahi—it has not offered any evidence that Sullivan intended those acts to influence the FTC.

If the government pursues the first obstruction theory, based in whole or in part on Sullivan's failure to disclose the 2016 incident, then it must prove that he had a duty to disclose that information to the FTC. Whether such a duty exists depends on whether the law governing the FTC's investigation imposed any specific legal obligations on Sullivan himself, as opposed to Uber. *See United States v. Singh*, 979 F.3d 697, 717 (9th Cir. 2020) ("The campaign disclosure forms for the mayoral candidates in this case were filed pursuant to San Diego's Municipal Code § 27.2930(a) and California Government Code § 84200.5—both of which imposed the reporting requirements on *campaigns* and *candidates*, not on individuals [like the defendant] 'volunteering' or providing services to the campaigns." (emphasis in original)); *cf.*

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

*United States v. Safavian*, 528 F.3d 957, 964 (D.C. Cir. 2008) (noting in the analogous context of 18 U.S.C. § 1001 that "[c]oncealment cases in this circuit and others have found a duty to disclose material facts on the basis of specific requirements for disclosure of specific information[,]" and that "[t]here is good reason for demanding such specificity: to comply with Fifth Amendment due process, the defendant must have fair notice . . . of what conduct is forbidden" (internal quotation marks and citations omitted)).[1]

Here, whether Sullivan had a duty to disclose the 2016 incident to the FTC turns at least in part on whether he was responsible for preparing the relevant submissions to the agency. *See Singh*, 979 F.3d at 717 ("In most of the cases where courts affirmed § 1519 convictions based on omissions, the defendants either prepared the record or document, or were responsible for doing so." (citations omitted)). If the Court denies Sullivan's Rule 29 motion on this question, then the existence of such a duty will be for the jury to determine. *See United States v. Shields*, 844 F.3d 819, 823 (9th Cir. 2016) (in wire fraud case based on omissions, it was error not to instruct the jury on the duty to disclose requirement).

If the government proceeds under § 2(b), on the theory that Sullivan caused Uber (acting through its attorneys) to make false submissions to the FTC, then it need not establish that *Sullivan* violated a disclosure duty to the FTC, as long as Uber had such a duty. *See Singh*, 979 F.3d at 718 (because the government proceeded under § 2(b), it "did not need to prove that Singh prepared the reports or had a duty to report [the omitted information]; rather, that the campaign had a duty to report the information is enough"). Under § 2(b), however, the government must prove that Sullivan acted "willfully," as the Supreme Court defined that term in *Bryan v. United States*, 524 U.S. 184 (1998)—that is, that he "'acted with knowledge that his conduct was unlawful.'" *Singh*, 979 F.3d at 712 (quoting *Bryan*, 524 U.S. at 191-92).

---

[1] The same is true of the misprision charge: in the absence of a specific duty to disclose, the government may not proceed on the theory that Sullivan committed misprision merely by withholding information. That much follows from the Ninth Circuit's holding that "'[m]ere silence, without some affirmative act, is insufficient evidence' of the crime of misprision of [a] felony." *United States v. Ciambrone*, 750 F.2d 1416, 1418 (9th Cir. 1984) (quoting *Lancey v. United States*, 356 F.2d 407, 410 (9th Cir. 1966)).

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

The government can proceed under either or both of these theories. But the government cannot evade both the duty to disclose that accompanies the first theory and the "willfully" element that accompanies the § 2(b) theory. In particular, if the government eschews § 2(b) to avoid the statutory willfulness requirement, as it has suggested it will do, then it must establish that Sullivan had a duty to disclose the 2016 incident to the FTC.

A final note on *Singh*. That case involved 18 U.S.C. § 1519, while this case involves § 1505. The government contends that § 1505 is different enough from § 1519 that the *Singh* analysis does not apply here. We disagree.

The government has emphasized that § 1505 contemplates obstruction either through the defendant's own actions or through "influencing another." 18 U.S.C. § 1515(b) (defining "corruptly" in § 1505). But § 1519 similarly includes an "intent to . . . influence" the investigation or other matter, and the legislative history of the statute demonstrates that it—like § 1505—extends to "a person who actually destroys the records himself *in addition to one who persuades another to do so*[.]" *Singh*, 979 F.3d at 718 (quoting legislative history) (emphasis added by the *Singh* court). *Singh* makes clear that a defendant charged under § 1519 can be held responsible for causing the conduct of another only through § 2(b), with its willfulness requirement. *Id*. ("'When a defendant's culpability is based, not on his own communications with the federal agency, but on information furnished to the agency by an intermediary, the element of intent takes on a different cast than it does if a direct violation of [the underlying statute] is asserted.'" (quoting *United States v. Curran*, 20 F.3d 560, 567 (3d Cir. 1994))). The same is true for § 1505. If the government chooses to proceed on the theory that Sullivan caused Uber to violate a duty to disclose the 2016 incident to the FTC, it must proceed under § 2(b) and prove that he acted willfully.

///

///

///

///

DEF'S MEMORANDUM RE 18 U.S.C. §§ 1505 AND 2(b)
3:20-cr-00337-WHO                                3

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

DATED: September 18, 2022.

s/ David H. Angeli
David H. Angeli
Tyler P. Francis
Michelle H. Kerin
Ursula Lalović
John D. Cline

*Attorneys for Defendant Joseph Sullivan*

DEF'S MEMORANDUM RE 18 U.S.C. §§ 1505 AND 2(b)
3:20-cr-00337-WHO                                      4

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880