DAVID H. ANGELI (admitted *pro hac vice*)
TYLER P. FRANCIS (admitted *pro hac vice*)
MICHELLE H. KERIN (admitted *pro hac vice*)
URSULA LALOVIĆ (Cal. Bar No. 215551)
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232 │ Facsimile: (503) 227-0880
Email: david@angelilaw.com; tyler@angelilaw.com; michelle@angelilaw.com;
         ursula@angelilaw.com

JOHN D. CLINE (Cal. Bar No. 237759)
600 Stewart Street, Suite 400
Seattle, WA 98101
Telephone: (360) 320-6435
Email: cline@johndclinelaw.com

*Attorneys for Defendant Joseph Sullivan*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH SULLIVAN,<br><br>Defendant. | Case No. 3:20-cr-00337-WHO<br><br>DEFENDANT JOSEPH SULLIVAN'S MOTION FOR PERMISSION TO PRESENT REMOTE TESTIMONY<br><br>Date: September 22, 2022<br>Time: 8:00 a.m.<br>Crtrm: 2, 17th floor<br><br>Hon. William H. Orrick |

DEF'S MOTION FOR PERMISSION TO PRESENT REMOTE TESTIMONY
3:20-cr-00337-WHO                                    1

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on September 21, 2022 at 8 a.m., or at such later date and time as the Court may order, in Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable William H. Orrick, Defendant Joseph Sullivan will and hereby does move for an order permitting Kiersten E. Todt to testify at trial on his behalf remotely using the Court's video-conferencing capabilities because she is unavailable any of the remaining trial days.

Mr. Sullivan's counsel informed the government by email on September 19, 2022, that Mr. Sullivan would seek the Court's permission to allow Kiersten E. Todt to testify remotely by video at trial. (Declaration of Michelle Kerin, ¶ X.) The government opposes this request. (Kerin Decl., ¶ X.)

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Mr. Sullivan asks the Court to allow Kiersten E. Todt to testify on his behalf remotely through the Court's video-conference system. Ms. Todt is the current Chief of Staff for United States Cybersecurity and Infrastructure Security Agency (CISA) and works in Virginia. Her position at CISA and the operation of her agency requires her to be physically present at the headquarters of CISA during the remaining approximately three days of trial: September 21, 27, and 28, 2022. As CISA's Chief of Staff, she is one of the agency's four leaders—at least two of whom must be physically present at all times at the agency's headquarters in Rosslyn, Arlington, Virginia. Because two of the agency's four leaders have mission critical travel during the weeks of September 20 and 26, 2022, Ms. Todt must remain at CISA's headquarters during their absence. As a result, she cannot travel to San Francisco, California to present her testimony in person.[1]

---

[1] Mr. Sullivan expected Ms. Todt would testify much later in the month, as the government has consistently maintained to the Court and Mr. Sullivan's counsel that it needed two and a half to three weeks to present its case against Mr. Sullivan (a total of 12-15 trial days). The represented length of the government's case-in-chief suggested that Mr. Sullivan would begin presenting his case-in-chief no earlier than Tuesday, September 27. In addition, Mr. Sullivan's counsel only

DEF'S MOTION FOR PERMISSION TO PRESENT REMOTE TESTIMONY
3:20-cr-00337-WHO                                                         2

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

## II.      THE COURT SHOULD PERMIT MS. TODT TO TESTIFY REMOTELY

Federal Rule of Criminal Procedure 26 provides that "in every trial, the testimony of witnesses must be taken in open court, unless otherwise provided by a statute or by rules adopted under 28 U.S.C. §§ 2072-2077." While the Rules do not explicitly permit remote trial testimony, the Ninth Circuit has recognized that such testimony is permissible when it "is necessary to further an important policy" and "where the reliability of the testimony is otherwise assured." *United States v. Carter*, 907 F.3d 1199, 1206-1208 (9th Cir. 2018) (citing *Maryland v. Craig*, 492 U.S. 836, 857 (1990)); *United States v. Babichenko*, No. 1:18-cr-00258-BLW, 2012 WL 1759851, at *1-2 (D. Id. May 4, 2021). Judicial scrutiny and reservation of remote testimony is most heavily applied where a defendant objects because it implicates a defendant's Constitution right of confrontation. Here, by contrast, the proposed witness's testimony is offered by the defendant, thus avoiding any implication of the Confrontation Clause. *See United States v. Chapman*, 2015 WL 4042177, at *20 (D.N.M. June 29, 2015) ("it is unlikely that a violation of a defendant's Confrontation Clause rights occur when he calls one of his own witnesses who is aligned with him by videoconference or telephonically").).

### A.      Permitting Ms. Todt to Testify Remotely Promotes the Interests of Justice

Permitting Ms. Todt to testify on Mr. Sullivan's behalf via live videoconference promotes the interests of justice. Ms. Todt will testify about her opinion of Mr. Sullivan's integrity and honesty based, in large part on her work with Mr. Sullivan on President Obama's Commission on Enhancing National Cybersecurity from April to December 2016. She will also testify about the demanding work the Commission performed, and Mr. Sullivan, beginning November 13, 2016 through December 1, 2016 as it prepared its final report to present to the president. If Ms. Todt is unable to testify remotely, she will not be available

While in-court testimony is preferable, the extraordinary circumstances presented by the confluence of Mr. Sullivan's case-in-chief and Ms. Todt's unavoidable obligations to ensure the

---

made the decision to offer Ms. Todt's testimony, and promptly apprised the government of her conflict. (Kerin Decl. ¶ 3.)

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

operational continuity of the United States government present exactly the circumstances in which the interests of justice are best served with live videoconference testimony given under oath, where the prosecution can engage in live cross-examination, and the jury can observe Ms. Todt's demeanor. *See Craig*, 497 U.S. at 845-46.

**B.    Permitting Ms. Todt to Testify Remotely Provides Sufficient Indicia of Reliability**

The reliability of remote testimony is based on and judged against three safeguards that are inherent with in person testimony: (1) the testimony is given under oath; (2) there is opportunity for live cross-examination; (3) the factfinder is able to observe the witness's demeanor. See Craig, 497 U.S. at 845-46.

Ms. Todt's remote testimony would satisfy all three safeguards. Like all witnesses who have testified at this trial, Ms. Todt will testify under oath. In addition, the Court's current videoconferencing technology both provides the United States with sufficient opportunity to cross-examine Ms. Todt in real time enable and enables the jury to observe Ms. Todt's demeanor and to evaluate her credibility in the same manner as traditional live testimony.[2] Because Ms. Todt will testify in open court, under oath, and will face cross-examination, permitting her to testify remotely via two-way videoconference safeguards the reliability of her testimony.

---

[2] The United States District Court for the Northern District of California currently uses a communications platform provided by Zoom Video Communications, Inc. for its video conferences. (*See* https://www.cand.uscourts.gov/zoom/ (last visited Sept. 19, 2022).) Zoom's communications platform allows users to connect over the internet in real time, assuring accurate, live two-way transmission of audio and video. (*See* https://support.zoom.us/hc/en-us/articles/4420426401037-What-is-Zoom-Video-Conferencing (last visited Sept. 19, 2022).) Mr. Sullivan's counsel will work with Ms. Todt to ensure that she follows this Court's best practices for participating in a Zoom hearing. (See https://www.cand.uscourts.gov/zoom/ (last visited Sept. 19, 2022).) (Kerin Decl. ¶ 9.)

DEF'S MOTION FOR PERMISSION TO PRESENT REMOTE TESTIMONY
3:20-cr-00337-WHO                                   4

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

III.   **CONCLUSION**

For these reasons, Mr. Sullivan requests that the Court permit him to present the testimony of Ms. Todt remotely via the Court's two-way videoconferencing platform.

DATED: September 21, 2022.

*s/ David H. Angeli*
David H. Angeli
Tyler P. Francis
Michelle H. Kerin
Ursula Lalović
John D. Cline

*Attorneys for Defendant Joseph Sullivan*

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880