DAVID H. ANGELI (admitted *pro hac vice*)
TYLER P. FRANCIS (admitted *pro hac vice*)
MICHELLE H. KERIN (admitted *pro hac vice*)
URSULA LALOVIĆ (Cal. Bar No. 215551)
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232 │ Facsimile: (503) 227-0880
Email: david@angelilaw.com; tyler@angelilaw.com; michelle@angelilaw.com;
        ursula@angelilaw.com

JOHN D. CLINE (Cal. Bar No. 237759)
600 Stewart Street, Suite 400
Seattle, WA 98101
Telephone: (360) 320-6435
Email: cline@johndclinelaw.com

*Attorneys for Defendant Joseph Sullivan*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH SULLIVAN,<br><br>Defendant. | Case No. 3:20-cr-00337-WHO<br><br>DEFENDANT JOSEPH SULLIVAN'S SUPPLEMENTAL PROPOSED INSTRUCTION CONCERNING CHARACTER EVIDENCE<br><br>Crtrm: 2, 17th floor<br><br>Hon. William H. Orrick |

DEF'S SUPPLEMENTAL INSTRUCTION RE: CHARACTER EVIDENCE
3:20-cr-00337-WHO                    1

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

DEFENDANT'S PROPOSED INSTRUCTION No. 4

CHARACTER EVIDENCE

Where a defendant has offered evidence of his good general reputation for honesty and integrity, or opinion testimony concerning his honesty and integrity, you should consider such evidence along with all the other evidence in the case. Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

**Authority**

Adapted from Fifth Circuit Pattern Jury Instructions (Criminal Cases), Instruction 1.10 (2019).

DATED: September 23, 2022.

*s/ David H. Angeli*
David H. Angeli
Tyler P. Francis
Michelle H. Kerin
Ursula Lalović
John D. Cline

*Attorneys for Defendant Joseph Sullivan*

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## GOVERNMENT'S OBJECTION

The defense has proposed a character witness instruction that explicitly characterizes character evidence as favorable to the defense.  This instruction is improper in this case, and the government strongly objects to it.

First, the proposed instruction is directly contrary to the Ninth Circuit Model Jury Instruction guidance.  Model Jury Instruction 3.4 specifically states:

> The Committee believes that the trial judge need not give an instruction on the character of the defendant when such evidence is admitted under Fed. R. Evid. 404(a)(1) because it adds nothing to the general instructions regarding the consideration and weighing of evidence.  *See United States v. Karterman*, 60 F.3d 576, 579 (9th Cir. 1995) (holding that refusal of trial court to instruct on character of defendant was not plain error when "the district court instructed the jury to 'consider all of the evidence introduced by all parties,' to 'carefully scrutinize all the testimony given,' and to consider 'every matter in evidence which tends to show whether a witness is worthy of belief.'"); *see also* Fed. R. Evid. 404(a)(1).

Ninth Cir. Model Jury Instr. No. 3.4—Character of a Defendant; *United States v. Agbu*, 640 F. App'x 613, 616 (9th Cir. 2016) ("We have held that a good character instruction is not necessary where a jury is instructed to consider all of the evidence, including all of the testimony.") (unpublished disposition).  This specific guidance echoes the general guidance that the Ninth Circuit instruction committee has given disfavoring "instructions on particular kinds of evidence":

> The Committee believes that instructions on particular kinds of evidence should be avoided as much as possible.  General instructions on direct and circumstantial evidence and on credibility of witnesses should in most instances suffice, obviating the need for more specific instructions.  *See, for example, United States v. Holmes*, 229 F.3d 782, 787-88 (9th Cir. 2000); *United States v. Ketola*, 478 F.2d 64, 66 (9th Cir. 1973).

Ninth Cir. Model Jury Instr. 3—Introductory Comment.

The committee is of course correct on this issue.  In general, when a court gives instruction on particular pieces of evidence in a case, it acts as a form of argument that highlights those pieces of evidence and gives them extra weight.  This is particularly the case when the instruction is one-sided and invites the jury to find that this evidence is, in particular, probative in defendant's favor.  As the committee explains further in discussing these types of instructions, "[t]hese matters are generally better left to argument of counsel as examples of circumstantial evidence from which

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

the jury may find another fact." *Ibid.*  Should the Court give the jury a specific instruction on character evidence, it also should give specific instructions on many other types of evidence present in this case that cut against defendant and are similarly disfavored by the Ninth Circuit, including instructions on "false or inconsistent exculpatory statements, failure to respond to accusatory statements, and attempts to suppress or tamper with evidence." *Ibid.*  For example, the jury could be instructed that it has heard evidence of multiple "false or inconsistent exculpatory statements" from which "it may be reasonable to infer that defendant was acting with a guilty mind when he made such statements."

Second, one can imagine a case in which extremely probative, precise, and specific character evidence were so central in some manner (like, for example, strong character evidence towards pacifism in a murder case with a self-defense defense) such that some kind of even-handed character evidence instruction could be appropriate in this circuit.  The Fifth Circuit Model Jury Instructions, from which defendant draws his proposed instruction, expressly contemplate such a situation.  *See* Fifth Circuit Model Jury Instruction 1.10–Character Evidence (distinguishing cases where "character evidence is not 'central or crucial'" from those where it is "necessarily a vital part of [the defense" (quoting *United States v. Baytank*, 934 F.2d 599, 614 (5th Cir. 1991)).  One of the out-of-circuit cases defendant cites, *United States v. John,* is illustrative on this point.  In *John*, defendant was prosecuted for sexual contact with an 11-year-old foster child. 309 F.3d 298, 300 (5th Cir. 2002).  The Fifth Circuit found a character evidence instruction necessary because "[u]nlike the situation in cases in which we have found a character instruction unnecessary, character was a vital part of John's theory of defense" as "[w]ithout any witnesses or other corroborating evidence supporting the child's accusations, guilt hinged entirely on credibility" of the child versus defendant.  *Id.* at 302.  Defendant John had put forward substantial, specific evidence on his marriage, his sexual relationship with his wife, his reputation for sexual morality, and his specific record as a good father.  *Ibid.*  This specific and particularized character evidence, crucial to a case turning on the credibility of only two witnesses, warranted a character evidence instruction.  *Ibid.*

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

1   That is definitely not this case.   Generalized character evidence towards traits like

2   "honesty" are typically nearly meaningless, and the character evidence defendant has introduced

3   in this case is objectively the least probative, most insignificant evidence that has been admitted

4   in the nearly three weeks of trial.   Defendant has called one character witness, Kandace Cooks,

5   who admitted on the stand her abject bias in favor of defendant and testified that she believes he

6   was an honest guy.   He had another witness, Mat Henley—who is among defendant's closest

7   friends, has followed him around his entire career, and is obviously extremely biased—say the

8   same.   Neither of those conclusory statements from biased witnesses offering their opinions on

9   defendant's generalized honesty are probative in any meaningful sense of what defendant actually

10   did or thought in connection with the crimes with which he is charged.[1]

11   Third, to the extent the character evidence in this case has any meaning at all, it cuts against

12   defendant as much as in favor.   Aspects of the evidence in this case turn on whether defendant—

13   a former prosecutor, an attorney, and an extremely experienced corporate executive—knew what

14   the right thing to do was when he learned of a data breach that he knew would "play badly based

15   on prior assertions" that he and Uber had made to the FTC, including in his deposition ten days

16   prior to learning of the breach.   Indeed, the government's theory is, in part, that defendant exploited

17   his reputation as a means to commit the crime—because of his reputation within the company for

18   competence and integrity, many other employees never thought to question the method he chose

19   to obstruct the FTC and conceal the hackers' crime, or to question his claim that he was consulting

20   with Uber's executive team.   Kandace Cooks testified affirmatively when asked whether defendant

---

[1] Defendant also cites to supposed character testimony from John Flynn.   Mr. Flynn was a percipient witness.   In covering Mr. Flynn's background working with defendant on "protecting people and protecting data," defense counsel asked, almost in passing, if he found Mr. Sullivan trustworthy and to be a man of integrity.   9/9/2022 Tr. at 672.   In context, these generalized statements most directly related to counsel's immediately prior questions, about defendant and Mr. Flynn's work securing data and computer systems.   Despite Mr. Flynn having been actually involved in both Uber's response to the FTC investigation and the 2016 incident—during which defendant instructed him "this can't get out," *id.* at 604, and after which defendant falsely told Mr. Flynn that defendant had "mentioned this issue to Salle Yoo, the general counsel of the company at the time of the incident," *id.* at 669—defense counsel did not ask Mr. Flynn if, given what he knows now, he believes defendant's instructions to him, or the later lie to him regarding Salle Yoo, were consistent with that trait.   This is not probative character evidence.

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

was someone who "had a pretty good understanding of the difference between right and wrong" and was "good at bringing in people who needed to know about stuff in the work" that they were doing together.  The jury could equally infer from the character testimony that, because defendant knew how to act with honesty and integrity, and how to bring in relevant Uber executives in his diversity work with Ms. Cooks, defendant's failure to inform Uber's General Counsel, lawyers working on the FTC investigation, and the FTC itself of the breach—even after appreciating that news of the breach would "play badly" compared to defendant's and Uber's prior assertions—was not inadvertent.   Cooks' testimony, if credited by the jury, makes it more likely that defendant's failure was no mistake, but was instead the intentional withholding and concealment of information that the government charges it was.  Defendant contends that the government can simply make this argument in closing—but the same rationale applies to defendant's ability to make his own arguments about the import of his character evidence, and neither party should receive a thumb on the scale from the Court in the form of a jury instruction on this issue that says particular evidence "may give rise" to a particular outcome in the case.

Defendant's proposed instruction should be rejected because it is appropriately disfavored in this circuit.  It draws undue attention to character evidence, which is the weakest and least significant evidence that has been entered in this trial.  Moreover, the instruction presupposes that such evidence will cut in the defendant's favor when, in this case, the jury could easily reach the opposite conclusion.  A jury instruction should not put a thumb on the scale and influence the jury's unbiased assessment of the evidence.

DEF'S SUPPLEMENTAL INSTRUCTION RE: CHARACTER EVIDENCE
3:20-cr-00337-WHO                                                   6

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

**DEFENDANT'S RESPONSE**

The Court should give Sullivan's proposed character evidence instruction, which is drawn almost verbatim from Fifth Circuit Pattern Jury Instructions (Criminal Cases), Instruction 1.10 (2019).

The government notes that the Committee responsible for preparing the Ninth Circuit Pattern Jury Instructions "believes that the trial judge need not give an instruction on the character of the defendant when such evidence is admitted under Fed. R. Evid. 404(a)(1) because it adds nothing to the general instructions regarding the consideration and weighing of evidence." Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, Instruction 3.4, Comment (2022). As support for this view, the Committee cites a single Ninth Circuit case, which held only that it was not plain error for a district court not to give a character evidence instruction. *Id*. (citing *United States v. Karterman*, 60 F.3d 576, 579 (9th Cir. 1995)). Neither the Committee's Comment nor *Karterman* forbids giving a character evidence instruction. The Court undoubtedly has discretion to give such an instruction.

A character evidence instruction is warranted here. Sullivan has presented substantial evidence of his character for honesty and integrity, from government witness John Flynn and from defense witnesses Kandace Cooks and Mat Henley. If permitted by the Court, Sullivan will present additional character testimony remotely from Kiersten Todt. Absent an instruction, the jury will have no guidance on how to factor this testimony into the overall mix of evidence. For this reason, the Fifth Circuit has held that failure to give a character evidence instruction amounts to reversible error, where the defense presents relevant character evidence and character is central to the defense. *See United States v. John*, 309 F.3d 298, 302-05 (5th Cir. 2002); *see also, e.g., Michaelson v. United States*, 335 U.S. 469, 476 (1948) (noting that the Supreme Court "has held that such testimony alone, in some circumstances, may be enough to raise a reasonable doubt of guilt and that in the federal courts a jury in a proper case should be so instructed.") (citing *Edgington v. United States*, 164 U.S. 361 (1896)); *United States v. Woods*, 710 F.3d 195, 206-07 (4th Cir. 2013) (district court erred in refusing to give character evidence instruction similar to Sullivan's proposed

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

instruction); *United States v. Daily*, 921 F.2d 994, 1009-11 (10th Cir. 1990) (defendant "ordinarily entitled" to character evidence instruction when he presents evidence of a character trait relevant to the crime charged; district court's refusal to give the instruction was prejudicial partly because "[t]his was a complex case" and "[i]t cannot be deemed nonprejudicial in a tough case like this one"). As the *John* court noted, the character evidence instruction informs the jury that "character evidence 'may give rise to a reasonable doubt, since you may think it improbable that a person of good character in respect to those traits would commit such a crime.'" *John*, 309 F.3d at 302 (quoting proposed instruction).

The government insists that the character evidence in this case actually cuts against Sullivan. It is welcome to argue that implausible inference to the jury. But that is no reason to omit an instruction that both cautions the jury to "consider such evidence along with all the other evidence in the case" and informs the jury that "[e]vidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime." Similarly, the government's assertion that the character witnesses are biased in Sullivan's favor (notably omitting prosecution witness John Flynn from that argument) is for the jury to weigh. The defendant himself—presumably the most biased of all witnesses—may provide character evidence sufficient to warrant an instruction. *See, e.g., Daily*, 921 F.2d at 1010. If Sullivan's own testimony would suffice for the instruction, the testimony of Flynn, Cooks, Henley, and—if permitted to testify—Todt surely does as well. The government's disbelief of a witness is not a basis to reject a jury instruction that the witness's testimony squarely supports. *See, e.g., Woods*, 710 F.3d at 206-07; *see also United States v. Cortes*, 757 F.3d 850, 857 (9th Cir. 2014) ("A criminal defendant is entitled to jury instructions related to a defense theory so long as there is any foundation in the evidence and the instruction is supported by law." (internal quotation marks and citations omitted)).

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

     In accordance with the *John* rationale, the proposed character evidence instruction will provide guidance to the jury on its consideration of the character evidence without unduly emphasizing that evidence. The Court should give the instruction.

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880