UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH SULLIVAN,<br><br>Defendant. | Case No. 20-cr-00337-WHO-1<br><br>**ORDER DENYING MOTION FOR REMOTE TESTIMONY** |

Defendant's request to allow Kiersten Todt to testify remotely is denied. There is no extraordinary reason to require it in the face of the government's objection (Dkt. No. 213), nor do the interests of justice require it. Given the limitations placed on her testimony as agreed by the defendant and as outlined in the Federal Rules of Evidence, she could be asked about her opinion of defendant's reputation for honesty and integrity, as have several witnesses already (although the government casts doubt on her ability to do that). She might testify to undisputed and established facts, such as how highly regarded the defendant is in the field of cybersecurity and that he served on President Obama's Commission on Enhancing National Cybersecurity. It appears from the government's interview that the bulk of work that she recalls that defendant would have done on the Commission preceded the data breach, reducing or negating its relevance to his involvement in or attention to the data breach. And defendant's counsel should have acted more proactively to secure her testimony if it was material to his defense. In person testimony has obvious advantages in assessing credibility. There is no compelling reason to grant defendant's request for virtual testimony at this stage of the trial.

**IT IS SO ORDERED.**

Dated: September 24, 2022



William H. Orrick
United States District Judge