STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ANDREW F. DAWSON (CABN 264421)
BENJAMIN KINGSLEY (CABN 314192)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7019
    FAX: (415) 436-7234
    andrew.dawson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:20-CR-337 WHO |
| Plaintiff, | MOTION TO PRECLUDE ARGUMENT IMPLICATING CALIFORNIA'S DATA BREACH LAW |
| v. | |
| JOSEPH SULLIVAN, | |
| Defendant. | |

As the Court is well aware, defendant moved *in limine* to preclude the United States from introducing evidence illustrating the scope and nature of California's data-breach reporting law, which was implicated by Uber's 2016 data breach. The Court granted the motion. *See* Docket No. 165.

Based on cross-examination of certain witnesses, the United States is concerned that the defense nevertheless intends to make arguments directly implicating the scope of state data breach reporting laws. In particular, it appears the defense may intend to argue, based upon Uber's response to the 2014 breach, that notification under state law would be unnecessary if there was confidence that there was little "risk of harm" to consumers. Defendant has acknowledged in other filings that while some states incorporate a "risk of harm" analysis, others (including California) require notification without regard to such an analysis. If the defense were to suggest that notification would not be required absent a risk of

harm, the government would be hamstrung in responding given its inability to introduce evidence on what, in fact, California law requires. The government requests either that the Defense be precluded from such an argument, or that the jury be instructed on what California law, in fact, required.

Similarly, defense cross examination has occasionally referred to the complexity of state data breach laws or otherwise indicated that "reasonable minds" could differ with regard to their requirements. Having precluded evidence of what those laws in fact require, defendant should not be permitted to characterize the nature of those laws. That is particularly so when the California statute is hardly complicated on the facts of this case. On the contrary, it provides that a company shall disclose a breach to a resident of California "whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person." Cal. Civil Code § 1798.82(a). "Personal information," in turn, is defined to include a driver's license number in combination with an individual's first name or first initial and last name." *Id.* § 1798.82(h)(1). Defendant should not be permitted to argue that this language is anything other than clear and straightforward.

I.  **"Risk of Harm" and the misreading of Exhibit 8**

Exhibit 8, initially introduced through Ben Rossen, contains Uber's response to the FTC's interrogatory regarding consumer notifications related to the 2014 data breach. The interrogatory in question required Uber to state "when and describe how the Company notified Consumers, law enforcement, and other third parties about the [2014] Breach." The interrogatory went on to request a description of "[h]ow the Company determined who to notify; and . . . [w]hy the Company notified people and entities when it did." Ex. 8 at 11. In response, Uber explained that it had sought to establish that the stolen information "had not [been] further disseminated or made use of," but that it "had been unable to confirm" such hopes. *Id.* at 12. Thus, Uber concluded that although it believed "that there is little if any risk of harm to its partners from this incident and that therefore notification would not be required in *all* states, it notified all potentially affected U.S. partners . . . ." *Id.* (emphasis added). In other words, Uber acknowledged that while not "all states" would require notification absent a risk of harm, it chose to notify "all potentially affected U.S. partners" because it could not establish the ultimate fate of the stolen data. *Id.* The interrogatory response never suggested that *no* notifications would have been required in the absence of a "risk of harm."

1    Defense counsel raised this issue while cross examining both Ben Rossen and Sabrina Ross.
2 With Rossen, defense counsel asked a series of questions regarding Uber's investigation into the
3 perpetrator of the 2014 breach. The questioning suggested, contrary to the language in Exhibit 8, that
4 Uber might not have disclosed the 2014 breach *at all* if it had established that there was no risk of harm.
5 For example, defense counsel asked whether Uber's inability to conclusively identify the perpetrator
6 "played a significant role in Uber's decision to disclose the 2014 breach to the FTC . . . ." Transcript at
7 476 (cross-examination of Ben Rossen). The question elides the distinction drawn in the interrogatory
8 response between states that require notification for *any* qualifying breach, and those that require
9 notification only where there is a risk of harm.

10    Similar questions were posed during defense counsel's cross examination of Sabrina Ross.
11 Defense counsel first asked whether Uber had identified who had been responsible for the 2014 breach
12 and then established that the answers received by Uber were "equivocal." Transcript at 1161 (cross-
13 examination of Sabrina Ross). Defense counsel then asked whether Uber's notification to customers
14 occurred after its investigation "couldn't get an answer to whether the data was out into the wild." *Id*.
15 In sum, the cross examination of both Mr. Rossen and Ms. Ross strongly suggested—contrary to the
16 actual laws in multiple states, and the language in Exhibit 8—that Uber only disclosed the 2014 breach
17 because it could not establish that there was no "risk of harm" to consumers.

**II.    Having precluded evidence or instruction on the clear requirements of California law, Defendant should not be permitted to misrepresent that law.**

Defendant has previously conceded that while some states require notification only if there is an identified "risk of harm" to consumers, others require notification regardless of such analysis. California falls in the latter category. *See* Motion to Dismiss at 14 & n.10 (distinguishing between California's data-breach notification statute and the statutes in "risk of harm" states). Nevertheless, defendant's questioning of Ben Rossen and Sabrina Ross suggests that he may intend to argue that disclosure would not have been required in the 2014 data breach—and, by implication, the 2016 data breach—if there were no identified "risk of harm" to consumers.

Such an argument would be wrong as a matter of law. And it would be doubly inappropriate because defendant has precluded the United States from rebutting it with easily available evidence: the

statutory language of California's data-breach disclosure law.  At a minimum, if defendant wishes to make such an argument, the jury should be instructed on actual requirements of California's data breach notification statute.

**III.   Having precluded the government from offering evidence on the matter, Defendant should not be permitted to characterize the nature of state data breach notification laws.**

As noted above, defendant's cross examination of certain witnesses suggests he may be intending to rely on the supposed complexity of state data breach notification laws in closing argument. For example, in cross examining Sabrina Ross, defense counsel asked the witness whether she was aware "that there are data privacy statutes in all 50 states," and that they are "pretty complicated" and are "changing frequently."  Transcript at 1153 (cross-examination of Sabrina Ross).  Similarly with Dan Borges, defendant cross examined him on whether it was "fair to say that reasonable minds could differ on these disclosure issues."  Transcript at 738 (cross-examination of Dan Borges).

As with the "risk of harm" issue discussed above, Defendant should not be permitted to characterize the very laws he has precluded the government from introducing evidence on.  Because as it applies to the facts of this case, the nature of California's data breach disclosure law is neither "complicated" nor has it changed "frequently."  Defendant should either be precluded from such an argument, or the jury should be instructed on the actual requirements of California's disclosure statute.

DATED:  September 25, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

_____/s/_____
ANDREW F. DAWSON
BENJAMIN KINGSLEY
Assistant United States Attorneys