DAVID H. ANGELI (admitted *pro hac vice*)
TYLER P. FRANCIS (admitted *pro hac vice*)
MICHELLE H. KERIN (admitted *pro hac vice*)
URSULA LALOVIĆ (CABN 215551)
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232 │ Facsimile: (503) 227-0880
Email: david@angelilaw.com; tyler@angelilaw.com; michelle@angelilaw.com;
       ursula@angelilaw.com

JOHN D. CLINE (CABN 237759)
600 Stewart Street, Suite 400
Seattle, WA 98101
Telephone: (360) 320-6435
Email: cline@johndclinelaw.com

*Attorneys for Defendant Joseph Sullivan*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH SULLIVAN,<br><br>Defendant. | Case No. 3:20-cr-00337-WHO<br><br>DEFENDANT JOSEPH SULLIVAN'S OPPOSITION TO MOTION TO PRECLUDE ARGUMENT<br><br>Hon. William H. Orrick |

DEFENDANT'S OPPOSITION TO
MOTION TO PRECLUDE ARGUMENT
3:20-cr-00337-WHO

1

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

The government has moved to preclude Mr. Sullivan from making certain arguments regarding the California data breach law. Specifically, the government seeks to prevent defendant from making either of the following arguments to the jury:

- that Uber was not in fact legally required under California law to disclose the 2014 Breach or the 2016 Incident if it concluded that there was little or no risk of harm to consumers; (Mot. at 1–3); or

- any argument "characterizing the nature" of the California data breach disclosure law as, *e.g.* "complex," "complicated," or "changing frequently" (Mot. at 2,4).

The government's fears are misplaced: the defense does not intend to make either of these arguments to the jury. While evidence of what Uber *actually did* in response to these incidents or what advice regarding disclosure that its attorneys *actually gave* at the time is highly relevant to Sullivan's state of mind, the separate issue of whether the 2016 Incident *in fact* qualified as a data breach requiring disclosure under California law is inadmissible, as the Court has previously ruled. (Order on Motion in Limine (ECF No. 165) at 6 ("Whether the 2016 Incident required disclosure under California law is inadmissible under Rule 403. . . . The jurors do not need to decide whether California law 'required' notification in this circumstance.").)

## CONCLUSION

Accordingly, the Court should deny the government's motion as moot.

DATED: September 26, 2022.

                                             *s/ David H. Angeli*
                                             David H. Angeli
                                             Tyler P. Francis
                                             Michelle H. Kerin
                                             Ursula Lalović
                                             John D. Cline

                                             *Attorneys for Defendant Joseph Sullivan*

DEFENDANT'S OPPOSITION TO
MOTION TO PRECLUDE ARGUMENT
3:20-cr-00337-WHO

2

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880