UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH SULLIVAN,<br><br>Defendant. | Case No.  20-cr-00337-WHO-1<br><br>**FINAL JURY INSTRUCTIONS** |

     I plan to give the following instructions, which are reordered a bit from the government's filing (Dkt. No. 210) but otherwise are unchanged.  I will not give defendant's proposed "character evidence" instruction (Dkt. No. 212), consistent with the Ninth Circuit guidance and the government's argument, nor the revised "duty" instruction (Dkt. No. 211), for the reasons stated earlier.  If there are any additional concerns, they should be raised at 8:00 a.m. on September 29, 2022.

Dated: September 27, 2022



United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

No. 1

DUTIES OF JURY TO FIND FACTS AND FOLLOW THE LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

No. 2

CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—
BURDEN OF PROOF

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The
defendant is presumed to be innocent unless and until the government proves the defendant guilty
beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any
evidence.  The defendant does not have to prove innocence; the government has the burden of
proving every element of the charges beyond a reasonable doubt.

United States District Court
Northern District of California

No. 3 **[IF APPLICABLE]**

DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

No. 3 <mark>**[IF APPLICABLE]**</mark>

DEFENDANT'S DECISION TO TESTIFY

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

1
2
3
4
5
6
7
8

No. 4

REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

No. 5

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties agree.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

No. 6

WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

No. 7

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

No. 8

STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

1
2
3
4
5
6
7
8
9

No. 9

10

CREDIBILITY OF WITNESSES

11

12      In deciding the facts in this case, you may have to decide which testimony to believe and

which testimony not to believe.  You may believe everything a witness says, or part of it, or none

13      of it.

14      In considering the testimony of any witness, you may take into account the following:

15      First, the opportunity and ability of the witness to see or hear or know the things testified

16      to;

17      Second, the witness's memory;

18

19      Third, the witness's manner while testifying;

20      Fourth, the witness's interest in the outcome of the case, if any;

21      Fifth, the witness's bias or prejudice, if any;

22

23      Sixth, whether other evidence contradicted the witness's testimony;

24      Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

25      Eighth, any other factors that bear on believability.

26

27      Sometimes a witness may say something that is not consistent with something else he or

she said.  Sometimes different witnesses will give different versions of what happened.  People

28      often forget things or make mistakes in what they remember.  Also, two people may see the same

event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

No. 10

IMPLICIT BIAS

We all have feelings, assumptions, perceptions, fears, and stereotypes about others.  Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases.  No matter how unbiased we think we are, our brains are hardwired to make unconscious decisions.  We look at others and filter what they say through our own personal experience and background.  Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own.  We can also have biases about people like ourselves.  One common example is the automatic association of male with career and female with family.  Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors, you are being asked to make an important decision in this case.  You must one, take the time you need to reflect carefully and thoughtfully about the evidence.

Two, think about why you are making the decision you are making and examine it for bias.  Reconsider your first impressions of the people and the evidence in this case.  If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, or of a different gender, gender identity, race, religion or sexual orientation, would you still view them, and the evidence, the same way?

Three, listen to one another.  You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness.  Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions and biases.  Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious biases.  The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.

No. 11

TESTIMONY OF WITNESS INVOLVING SPECIAL CIRCUMSTANCES—IMMUNITY

You have heard testimony from Craig Clark, a witness who received immunity.  That testimony was given in exchange for a promise by the government that the testimony will not be used in any case against the witness.

For this reason, in evaluating the testimony of Mr. Clark, you should consider the extent to which or whether his testimony may have been influenced by this factor.  In addition, you should examine the testimony of Mr. Clark with greater caution than that of other witnesses.

United States District Court
Northern District of California

13

1
2
3
4
5
6
7
8

No. 12

GOVERNMENT AS A PARTY

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice

United States District Court
Northern District of California

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

No. 13

ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES

In order to encourage and support the confidential relationship between attorneys and their clients, the law protects from disclosure particular types of confidential communications between attorneys and their clients.  That is what you may have heard called the "attorney-client privilege." The law also sometimes protects from disclosure work done by attorneys on behalf of their clients, which is known as the "attorney work product privilege."  In both instances, protected information is often referred to as "privileged."  Under the law, both individuals and corporations, such as Uber Technologies, are entitled to such protections.

During the course of this trial, you have seen certain documents admitted into evidence that have been redacted to protect Uber Technologies' privileged information.  You have also heard and seen evidence of other documents that were withheld in their entirety to protect Uber Technologies' privileged information.  Further, the testimony of certain witnesses was limited to protect Uber Technologies' privileged information.

The existence of such privileged or protected information and the assertion of such privileges and protections by Uber Technologies is not relevant to your consideration of the charges against the defendant.  Do not speculate about the contents of any information that has been redacted, withheld, or limited.

No. 14

ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

1
2
3
4
5
6
7
8
9

No. 15

OBSTRUCTION OF PROCEEDINGS BEFORE
A DEPARTMENT OR AGENCY OF THE UNITED STATES
(18 U.S.C. § 1505)

The defendant is charged in Count One of the Superseding Indictment with obstructing a pending agency proceeding before the Federal Trade Commission or FTC, in violation of Section 1505 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> First, there was a proceeding pending before a department or agency of the United States;

> Second, the defendant was aware of the proceeding; and

> Third, the defendant intentionally endeavored corruptly to influence, obstruct, or impede the pending proceeding.

The FTC is an agency of the United States, and an open or ongoing FTC investigation or matter constitutes a "pending proceeding" for the purposes of Title 18, United States Code, Section 1505.

The government need not prove that the defendant's sole or even primary intention was to obstruct justice so long as the government proves beyond a reasonable doubt that one of the defendant's intentions was to obstruct justice.  The defendant's intention to obstruct justice must be substantial.

The government does not need to prove that the obstruction was successful. An endeavor does not need to be successful or achieve the desired result.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

No. 16

CORRUPTLY—DEFINED

Corruptly means acting with an improper purpose, personally or by influencing another, including making a false or misleading statement, or withholding, concealing, altering, or destroying a document or other information.

United States District Court
Northern District of California

No. 17

MISPRISION OF FELONY
(18 U.S.C. § 4)

The defendant is charged in Count Two of the Superseding Indictment with misprision of felony in violation of Section 4 of Title 18 of the United States Code.  For the defendant to be found guilty of that crime, the government must prove each of the following elements beyond a reasonable doubt:

> First, a federal felony was committed, that is, intentionally accessing a computer without authorization and thereby obtaining information from a protected computer, or conspiracy to extort money through a threat to impair the confidentiality of information obtained from a protected computer without authorization;

> Second, the defendant had knowledge of the commission of that felony;

> Third, the defendant had knowledge that the conduct was a federal felony;

> Fourth, the defendant failed to notify a federal authority as soon as possible; and

> Fifth, the defendant did an affirmative act to conceal the crime.

A felony is a crime punishable by a term of imprisonment of more than one year.

The government does not have to prove that someone was prosecuted or convicted of the felony, only that the felony was committed.  Mere failure to report a federal felony is not a crime. The defendant must also commit some affirmative act designed to conceal the fact that a federal felony has been committed.  Such an act does not need to be made directly to an authority.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

No. 18

MISPRISION OF FELONY—ELEMENTS OF UNDERLYING FELONIES

As I just described to you, in order to prove the first element of Misprision of Felony against the defendant, the government must prove beyond a reasonable doubt that a federal felony was committed, specifically, the felony of obtaining information from a protected computer in violation of Section 1030(a)(2)(C) of Title 18 of the United States Code, or the felony of conspiracy to extort money through a threat to impair the confidentiality of information obtained from a protected computer without authorization in violation of Sections 1030(a)(7)(B) and 1030(b) of Title 18 of the United States Code.  The elements of these two felonies are as follows:

The elements of obtaining information from a protected computer in violation of Section 1030(a)(2)(C) of Title 18 of the United States Code are:

First, one or more persons intentionally accessed a computer without authorization;

Second, by accessing a computer without authorization, this person or persons obtained information from a computer that was used in or affecting interstate or foreign commerce or communication; and

Third, the value of the information obtained exceeded $5,000.

The elements of conspiracy to extort money through a threat to impair the confidentiality of information obtained from a protected computer without authorization in violation of Section 1030(a)(7)(B) and 1030(b) of Title 18 of the United States Code are:

First, beginning in or about October 2016, and ending in or about January 2017, there was an agreement between two or more persons to commit at least the crime of extorting money through a threat to impair the confidentiality of information

20

obtained from a protected computer without authorization, and

Second, at least one person became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

The elements of extorting money through a threat to impair the confidentiality of information obtained from a protected computer without authorization in violation of Section 1030(a)(7)(B) of Title 18 of the United States Code are:

First, a person transmitted a communication in interstate or foreign commerce,

Second, that person acted with intent to extort money or any other thing of value from any individual, firm, corporation, or other entity,

Third, the communication contained a threat to impair the confidentiality of information from a computer without authorization, and

Fourth, the threat concerned a computer that was used in or affected interstate or foreign commerce or communication.

A person acts with the "intent to extort" if the person induces or intends to induce another to part with money or property by wrongful threat to impair the confidentiality of information obtained from a protected computer without authorization.

Computer means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

A person uses a computer "without authorization" when the person has not received permission from the entity which controls the right of access to the computer for any purpose, or when the entity which controls the right of access to the computer has withdrawn or rescinded permission to use the computer and the person uses the computer anyway.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit extortion involving computers in violation of Section 1030(a)(7)(B) as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

No. 19

AIDING AND ABETTING
(18 U.S.C. § 2(a))

Alternatively, a defendant may also be found guilty of either of the crimes charged in Counts One and Two of the Superseding Indictment even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of obstruction of proceedings before a department or agency of the United States or of misprision of felony by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the crime charged in that particular count of obstruction of proceedings before a department or agency of the United States or misprision of felony;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the crime charged in that particular count of the Superseding Indictment;

Third, the defendant acted with the intent to facilitate the crime charged in that particular count of the Superseding Indictment; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit obstruction of proceedings before

a department or agency of the United States or misprision of felony.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which person or defendant actually committed the crime and which person or defendant aided and abetted.

The failure to prosecute or to obtain a prior conviction of the person who committed the crime does not preclude the conviction of the aider and abettor.

Under the law, a corporation is considered a person.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

No. 20

AIDING AND ABETTING
(18 U.S.C. § 2(b))

Alternatively, a defendant may also be found guilty of either of the crimes charged in Counts One and Two of the Superseding Indictment even if the defendant did not personally commit the act or acts constituting the crime if the defendant willfully caused an act or acts to be done that if directly performed by him would be an offense against the United States. A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed this element himself.

Only for the purposes of this instruction, "willfully" means to act with knowledge that one's conduct is unlawful and with the specific intent to do something the law forbids, that is to say with the bad purpose to disobey or disregard the law.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

No. 21

ON OR ABOUT AND IN OR ABOUT—DEFINED

The Superseding Indictment charges that the offenses alleged in Counts One and Two were committed "on or about" or "in and about" a certain date.  Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in Counts One and Two of the Superseding Indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

1
2
3
4
5
6
7
8
9

No. 22

10

SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT

11
12

    A separate crime is charged against the defendant in each count. You must decide each count separately.  Your verdict on one count should not control your verdict on the other count.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

No. 23

VERDICT FORM

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

1
2
3
4
5
6
7
8

No. 24

DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not

hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

No. 25

CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

No. 26

USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

No. 27

JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

No. 28

COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California