

UNITED STATES OF AMERICA
Federal Trade Commission
WASHINGTON, D.C. 20580

Office of the Director
Bureau of Consumer Protection

May 2, 2023

The Honorable William H. Orrick
United States District Court for the Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Judge Orrick:

  The Federal Trade Commission (FTC) is the federal government agency charged with protecting the American public from deceptive or unfair business practices and from unfair methods of competition through law enforcement, advocacy, research, and education. An important part of the FTC's mandate is protecting consumers' personal information by enforcing the Federal Trade Commission Act's prohibition against unfair and deceptive acts or practices by organizations or individuals that have violated consumers' privacy rights or misled consumers by misrepresenting their practices for securing consumer information.

  To carry out this mission, the FTC undertakes law enforcement investigations that gather information from a variety of sources, including potential targets, third parties, public sources and affected consumers, through both compulsory process and voluntary requests. These investigations establish facts that shape the FTC's determinations on how to proceed. The effectiveness of the investigation hinges on the quality of information received: because the FTC can only proceed based on what it knows, the existence (or nonexistence) of facts plays a critical role in every law enforcement investigation. Concealment of important responsive information during an FTC investigation can thus misdirect the FTC and result in a failure to fully protect consumers and carry out the agency's mission.

  This case presents just such an example of why full and complete disclosure during an FTC investigation is important.

  On October 5, 2022, a jury found Joseph Sullivan guilty of obstruction of proceedings of the FTC and misprision of felony in connection with his attempted cover-up of a 2016 data breach of Uber. As a consequence of Defendant Sullivan's actions, FTC staff were forced in 2017 to reopen their completed investigation of Uber's data security

practices and renegotiate a then-pending proposed consent agreement related to a similar data breach of Uber in 2014.

Defendant Sullivan's illegal conduct caused the FTC significant harm. Defendant Sullivan prevented FTC staff from investigating the 2016 data breach concurrently with their investigation of the 2014 data breach. This forced FTC staff collectively to spend additional and otherwise unnecessary time investigating the now-disclosed 2016 breach, renegotiating the August 2017 proposed consent agreement, and presenting the renegotiated proposed consent agreement to the Commission for its approval.

Following Commission approval of the revised proposed consent agreement, staff had to publish it in the Federal Register and, after receiving and reviewing public comments on it, obtain Commission approval of the final order. While the FTC has not undertaken a formal accounting of the resources expended because of Defendant Sullivan's unlawful actions, I believe Defendant Sullivan's actions imposed steep and unwarranted costs on the FTC, an agency with broad responsibilities and limited resources. This impact on the agency and its personnel was more than just financial. As Benjamin Rossen, the FTC witness, testified, when Uber finally disclosed the 2016 breach, it was "incredibly disappointing" and "the single most frustrating experience that I had at my time at the Federal Trade Commission." Trial Tr. 445:3-5, Sept 8, 2022.

In addition to causing the FTC to spend scarce resources renegotiating the August 2017 proposed consent agreement, Defendant Sullivan's illegal actions prevented FTC staff from devoting their full attention to other important matters. Staff time and resources that could have been used to investigate other potential FTC Act violations were instead spent investigating and addressing the data breach that Defendant Sullivan hid from FTC staff.

We respectfully request that the court take into consideration the impact of Defendant Sullivan's crimes on the Federal Trade Commission when determining an appropriate sentence for the defendant.

Thank you for your consideration.

Sincerely,

*Samuel Levine*

Samuel A. A. Levine
Director, Bureau of Consumer Protection
Federal Trade Commission